**UNITED STATES of America,**
**Appellee,**

v.

**Axel SANTOS–CRUZ, Appellant.**

No. 00–3732.

United States Court of Appeals,
Third Circuit.

Argued July 15, 2002.

Decided Aug. 13, 2002.

Michael R. Stiles, Walter S. Batty, Jr., David E. Troyer (Argued), Office of the United States Attorney, Philadelphia, PA, for Appellee.

Before McKEE, WEIS, and DUHE,* Circuit Judges.

*OPINION OF THE COURT*

McKEE, Circuit Judge.

Axel Santos–Cruz was convicted by a jury on two counts of drug related of-

fenses.[1] On appeal, Santos–Cruz argues that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the jury rather than the court was charged with the responsibility of determining the specific quantity of drugs involved in the conspiracy. For the reasons that follow, we will affirm.

**I.**

Inasmuch as we write only for the district court and the parties who are familiar with the case, we need not recite the factual background except where necessary to our brief discussion. The application of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is a question of law, and we exercise plenary review. *See United States v. Barbosa,* 271 F.3d 438, 452 (3d Cir.2001). Our review of the district court's interpretation of the Sentencing Guidelines is also plenary, but the court's factual findings are reviewed for clear error. *See United States v. Butch,* 256 F.3d 171, 177 (3d Cir.2001).

**II.**

One month after Santos–Cruz was convicted, the Supreme Court decided *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Santos–Cruz argues that under *Apprendi,* the specific quantity of drugs (here 14 kilograms of heroin and 14 kilograms of crack cocaine) should have been decided by a jury on proof beyond a reasonable doubt

---

* Honorable John M. Duhe, Jr., United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. Santos-Cruz was convicted along with his co-conspirator, Iris Yolanda Davila, on Counts I and II of an eight count indictment. Count one charges the pair with conspiracy to distribute, and to possess with intent to dis-

tribute more than 50 grams of crack cocaine base and more than 1000 grams of heroin from September 1998 to on or about March 16, 1999, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count II charged the pair with possession with intent to distribute heroin on March 16, 1999, in violation of 21 U.S.C. § 841(a)(1).

rather than by the court using a preponderance of the evidence standard.

Count I of the indictment alleged that Santos–Cruz was part of a conspiracy involving more than 1000 grams of heroin and more than 50 grams of crack cocaine. That offense carries a statutory maximum penalty of life imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A) (1999). The jury convicted Santos–Cruz of Count I. After the trial, the court held an evidentiary hearing to determine the quantity of drugs involved in the conspiracy. The court found that the government established by a preponderance of the evidence that Santos–Cruz had trafficked 14 kilograms each of heroin and crack cocaine, and sentenced Santos–Cruz to life imprisonment. As neither the court's finding on the specific quantity of drugs nor the application of the Guidelines increased the maximum penalty beyond that already prescribed by the statute, *Apprendi* is not implicated here. *See United States v. Williams,* 235 F.3d 858, 863 (3d Cir.2000).

Santos–Cruz also argues that the court's finding attributing 14 kilograms of heroin and crack cocaine, to him was not supported by the evidence. In large-scale conspiracies, it can be difficult to precisely ascertain the amount of drugs involved. Although calculation of drug amounts can not be based on "mere speculation," we have held that "some degree of estimation must be permitted, for the government usually cannot seize and measure all the drugs that flow through a large drug distribution conspiracy." *United States v. Collado,* 975 F.2d 985, 998 (3d Cir.1992). Moreover, where the crime involves a conspiracy, the district court may take into consideration "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B) (2001).

At trial, a co-conspirator, Angel Prieto, testified that during the relevant time period, Santos–Cruz received ½ kilogram to 1 kilogram of both heroin and cocaine once or twice a week. Prieto further testified that Santos–Cruz would then process the drugs into crack cocaine. The drugs were then sold for profit. Prieto's testimony was corroborated by the testimony of Trooper Kelly Cruz and Trooper Jay Lownsbery, as well as recorded telephone conversations. This evidence supports the finding that throughout the course of the conspiracy, Santos–Cruz sold 14 to 56 kilograms of both heroin and crack cocaine. The district court attributed the lower figure of 14 kilograms to Santos–Cruz for each drug at sentencing. It did not err in doing so.

Accordingly, for all the reasons set forth herein, we will affirm the convictions and judgment of sentence.