**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1620
_____

UNITED STATES OF AMERICA

v.

AXEL SANTOS-CRUZ,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:99-cr-00505-001)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2019
Before: CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed:  January 31, 2019)

_____

OPINION*

_____

PER CURIAM

    Axel Santos-Cruz, a federal prisoner proceeding pro se, appeals from an order of

the United States District Court for the Eastern District of Pennsylvania denying his

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm the judgment of the District Court.

In 2000, Santos-Cruz and his co-defendant were convicted of conspiracy to distribute and possession with intent to distribute more than 1,000 grams of heroin and more than 50 grams of crack cocaine. At sentencing, the District Court sentenced Santos-Cruz to life imprisonment, and we affirmed the judgment. See United States v. Santos-Cruz, 45 F. App'x 190, 191 (3d Cir. 2002).

Santos-Cruz later filed motions for a sentence reduction under 18 U.S.C. § 3582(c)(2), at first pro se, then through appointed counsel. He sought to have his sentence reduced based on Amendment 782 to the U.S. Sentencing Guidelines, which reduced the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels. Before he filed the motion related to the order challenged in this appeal, President Barack Obama commuted Santos-Cruz's sentence to 360 months' imprisonment. See dkt # 201. The District Court denied Santos-Cruz's most recent motion for reduction of sentence. Santos-Cruz appeals and seeks the appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In considering the denial of a § 3582(c)(2) motion, we exercise plenary review over a district court's interpretation of the Sentencing Guidelines and otherwise review the denial of relief for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

Upon review, we conclude that the District Court properly declined to reduce Santos-Cruz's commuted sentence of 360 months' imprisonment. Accordingly, we will

2

affirm the District Court's judgment.  Santos-Cruz's motion for appointment of counsel is denied.