

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2009

# USA v. Jose Ramone Mateo

Precedential or Non-Precedential: Precedential

Docket No. 08-3249

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Jose Ramone Mateo" (2009). *2009 Decisions.* Paper 1619.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1619

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3249
_____

UNITED STATES OF AMERICA

v.

JOSE RAMON MATEO,
                              Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 99-56)
(District Judge: Honorable William W. Caldwell)

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2009

_____

Before: BARRY and GREENBERG, <u>Circuit Judges</u>,
and ACKERMAN, <u>Senior District Judge</u>.[*]

Filed: March 24, 2009

_____

JAMES V. WADE
Federal Public Defender
RONALD A. KRAUSS

_____

[*]  Honorable Harold A. Ackerman, Senior United States
District Judge for the District of New Jersey, sitting by designation.

1

Assistant Federal Public Defender – Appeals
100 Chestnut Street, Suite 306
Harrisburg, PA 17101

*Attorneys for Appellant*

MARTIN C. CARLSON
United States Attorney
WILLIAM A. BEHE
Assistant United States Attorney
228 Walnut Street
Harrisburg, PA 17108

*Attorneys for Appellee*

_____

OPINION OF THE COURT
_____

ACKERMAN, <u>Senior District Judge</u>.

Jose Ramon Mateo appeals the District Court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Mateo was convicted of a drug offense involving crack cocaine, but his sentencing range was ultimately calculated based on his status as a career offender. In his motion, Mateo sought a reduction in his sentence based on the Sentencing Commission's recent amendments to the Sentencing Guidelines that retroactively lowered the base offense levels for crack cocaine offenses. Because the crack cocaine amendments do not lower Mateo's applicable sentencing range, the District Court did not err in refusing to modify Mateo's sentence. We will, therefore, affirm.

**I.**

In June 1999, Mateo pled guilty to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The District Court adopted the Guidelines calculations recommended by the Probation Office in its Presentence Investigation Report ("PSR"). At

sentencing in September 1999, Mateo's counsel raised no objections to the PSR.  Based on a drug quantity of at least 20 but less than 35 grams, the PSR calculated a base offense level of 28 pursuant to U.S.S.G. § 2D1.1(c).  After a three-level downward adjustment for acceptance of responsibility, Mateo ordinarily would have faced a total offense level of 25.  However, Mateo had at least two prior felony convictions for controlled substance offenses and crimes of violence, thus making him a career offender for purposes of U.S.S.G. § 4B1.1.  For career offenders, if the relevant alternative offense level listed in the table at U.S.S.G. § 4B1.1(b) is higher than the calculated offense level, § 4B1.1(b) requires that the higher offense level shall apply.  The table at § 4B1.1(b) lists an offense level of 34 for offenses that carry a statutory maximum term of 25 years or more.  Here, Mateo faced a statutory maximum sentence of 40 years.  Thus, the higher offense level of 34 applied, regardless of the offense level as otherwise calculated under the Guidelines.  In other words, Mateo's base offense level was determined by § 4B1.1, not § 2D1.1(c).  After the three-level downward adjustment for acceptance of responsibility, Mateo faced a total offense level of 31.  With a Criminal History category of VI as mandated by the career offender provision, Mateo faced a Guidelines range of 188-235 months.  The District Court sentenced Mateo to 188 months.

In November 2007, the Sentencing Commission amended the crack cocaine guidelines by revising a portion of the drug quantity table at § 2D1.1(c).  Generally, Amendment 706 reduced the base offense levels for crack cocaine offenses under § 2D1.1(c) by two levels.  U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007).  The Sentencing Commission later declared Amendment 706 to be retroactive.  U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).  Based on these amendments, Mateo filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence.  Section 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2). A court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission." *Id.*

The District Court denied Mateo's motion, finding that Amendment 706 does not reduce the sentencing range applicable to Mateo. Mateo timely appealed.[1] We review de novo a district court's interpretation of the Guidelines. *See United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008). We review a court's ultimate decision whether to grant or deny a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion.[2]

Mateo contends that his sentence should be reduced because that sentence was "based on" an offense level in § 2D1.1(c) that was lowered by the Sentencing Commission. However, Amendment 706 only decreased the *base offense level* for crack cocaine offenses by two levels. To be entitled to a reduction of sentence, a defendant's *sentencing range* must have been lowered by recalculation based on the amended base offense level. The applicable policy statement instructs that any reduction in sentence is not consistent with the policy statement and therefore not authorized by 18 U.S.C. § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline

---

[1] The District Court had jurisdiction to review Mateo's motion pursuant to 18 U.S.C. § 3231. We have jurisdiction over his appeal under 28 U.S.C. § 1291.

[2] We have not explicitly stated the standard of review for a district court's decision to grant or deny a motion for reduction of sentence pursuant to § 3582(c)(2), although we have implied that abuse of discretion review applies. *See United States v. Hanlin*, 48 F.3d 121, 124 n.2 (3d Cir. 1995). Such a standard comports with the language of the statute, which states that, under appropriate circumstances, "the court *may* reduce the term of imprisonment." 18 U.S.C. § 3582(c)(2) (emphasis added). Other courts to have considered this question with regard to a motion to reduce sentence based on the crack cocaine amendments have similarly applied an abuse of discretion standard to a district court's decision to grant or deny the motion. *See United States v. Caraballo*, 552 F.3d 6, 8 (1st Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008).

4

range." U.S.S.G. § 1B1.10(a)(2)(B).

Here, the crack cocaine amendment ordinarily would have served to lower Mateo's base offense level from 28 to 26 under § 2D1.1(c). However, Mateo's sentencing range was determined based on the alternative career offender offense level as stipulated by § 4B1.1. As a career offender, Mateo's base offense level remains 34 no matter whether the otherwise applicable base offense level – absent Mateo's career offender status – is 28 or 26. Keeping all other Guidelines calculations unchanged, application of Amendment 706 still yields a sentencing range of 188-235 months, based on a total offense level of 31 and a Criminal History category of VI. Amendment 706 does not affect Mateo's applicable sentencing range, and therefore § 3582(c)(2) does not authorize a reduction in his sentence.

Mateo stresses the words "based on" in § 3582(c)(2) in contending that he was sentenced "based on" the base offense level of U.S.S.G. § 2D1.1(c) because the District Court consulted that section in calculating his offense level. Because the crack cocaine amendments lowered the offense levels provided by § 2D1.1(c), according to Mateo, he is entitled to seek a modification of his sentence, no matter the operation of the career offender provision of the Guidelines. However, Mateo ignores the words that follow "based on" in the statute authorizing modification of sentence: the defendant must have been sentenced "based on a *sentencing range* that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). This language is clear and unambiguous: "[t]he term 'sentencing range' clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008). Therefore, pursuant to the statute, "if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of the statute." *Id.* Amendment 706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1. *See, e.g., United States*

*v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) ("Amendment 706 had no effect on the career offender guidelines in § 4B1.1."). "[T]o say that the defendant's sentence was 'based on' the crack cocaine guideline strains credulity." *Caraballo*, 552 F.3d at 10.

Because Amendment 706 does not lower Mateo's sentencing range due to his status as a career offender, he may not seek reduction in sentence under § 3582(c)(2). We join many of our sister circuits in so holding. *See, e.g.*, *United States v. Forman*, 553 F.3d 585, 589-90 (7th Cir. 2009) (per curiam); *United States v. Ayala-Pizarro*, 551 F.3d 84, 85 (1st Cir. 2008); *Sharkey*, 543 F.3d at 1239; *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008). Amendment 706 simply "provides no benefit to career offenders." *Forman*, 553 F.3d at 589.

Mateo further relies on *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Guidelines advisory. However, this Court has rejected the argument that *Booker* provides a basis for reduction of sentence not otherwise allowable under § 3582(c). Section 3582(c) provides the only authority to reduce sentence here, and "[n]othing in [*Booker*] purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines." *United States v. Wise*, 515 F.3d 207, 221 n.11 (3d Cir. 2008); *see also United States v. McBride*, 283 F.3d 612, 616 (3d Cir. 2002) (finding that defendant's argument based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "was independent of and unrelated to any change in the Guidelines and was, therefore, outside the scope of a sentence modification under § 3582"). Other Courts of Appeals have agreed. As the First Circuit has held, "*Booker* has no effect on whether a career offender's sentence not 'based on' a lowered sentencing range for an underlying offense opens the gate for a sentence reduction under section 3582(c)(2)." *Ayala-Pizarro*, 551 F.3d at 85 (citing *Caraballo*, 552 F.3d at 10); *see also Sharkey*, 543 F.3d at 1239 (rejecting contention that "the *Booker* line of cases provides a separate basis for relief under § 3582(c)(2)").

In addition to requiring that a defendant's sentencing *range* be lowered by the Sentencing Commission, § 3582(c)(2) also states

that any sentence modification must be consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(2). The relevant Guidelines policy statement, recently revised in light of the crack cocaine amendments, requires a court to

> determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. *In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.*

U.S.S.G. § 1B1.10(b)(1) (emphasis added). The District Court had no authority to reconsider its prior determination to apply the career offender guidelines applied to Mateo. Only the effect of the crack cocaine amendments could be considered. Had Amendment 706 been in effect when Mateo was sentenced, "that provision would not have had any effect on the sentencing range actually used. . . . Thus Amendment 706 did not lower the defendant's actual sentencing range." *Caraballo*, 552 F.3d at 10. We reject Mateo's contention that adherence to the policy statement violates *Booker* and contravenes the advisory nature of the Guidelines. "*Booker* neither undermined the continued vitality of section 3582(c)(2) nor altered the customary canons of statutory construction." *Caraballo*, 552 F.3d at 10 (citing *Wise*, 515 F.3d at 221 n.11). Similarly, *Kimbrough v. United States*, 128 S. Ct. 558 (2007), does not aid Mateo, because it too left unchanged the requirements for reduction of sentence under § 3582(c)(2). *See Sharkey*, 543 F.3d at 1239.

## II.

Because the crack cocaine amendments do not lower Mateo's sentencing range, the District Court did not err in denying Mateo's motion to reduce sentence. We will affirm the judgment of the District Court.