

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-2-2009

# USA v. Lloyd Tucker

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3121

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Lloyd Tucker" (2009). *2009 Decisions.* Paper 1592.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1592

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3121
_____

UNITED STATES OF AMERICA

v.

LLOYD TUCKER,
                               Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 93-117)
(District Judge: Honorable William W. Caldwell)

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2009

Before: BARRY and GREENBERG, <u>Circuit Judges</u>,
and ACKERMAN, <u>Senior District Judge</u>.[*]

(Filed: April 2, 2009)
_____

OPINION OF THE COURT

_____

_____

[*]Honorable Harold A. Ackerman, Senior United States District Judge for the
District of New Jersey, sitting by designation.

1

ACKERMAN, <u>Senior District Judge</u>.

Defendant Lloyd Tucker appeals the District Court's denial of his pro se motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  In October 1993, a jury found Tucker guilty of conspiracy with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, as well as falsely representing that a certain Social Security number was his own, in violation of 42 U.S.C. § 408(a)(7)(B).  At sentencing, the District Court initially calculated a base offense level of 26 under U.S.S.G. § 2D1.1(c), based on the court's drug quantity finding.[1]  Adding in other offense level calculations, Tucker ordinarily would have faced a total offense level of 31.  However, Tucker had two prior felony drug-trafficking convictions, thus making him a career offender for purposes of U.S.S.G. § 4B1.1.  Tucker's career offender status required that his total offense level be 34, notwithstanding the provisions of § 2D1.1(c).  With a Criminal History category of VI as mandated by the career offender provision, Tucker faced a Guidelines range of 262-327 months.  The District Court sentenced him to 262 months on the drug charge and 60 months on the false Social Security number charge, to run concurrently.

After the Sentencing Commission retroactively amended the crack cocaine guidelines, lowering the base offense levels for crack cocaine offenses under §2D1.1(c) by two levels, Tucker filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence.

---

[1]In calculating a base offense level of 26, the District Court rejected the suggestion of the Probation Department that a base offense level of 34 be applied.  Probation recommended a drug quantity of between 150 and 500 grams, but the District Court concluded that the drug weight was between 5 and 50 grams.

The District Court denied Tucker's motion because the crack cocaine amendments do not reduce the final sentencing range applicable to Tucker.

The District Court had jurisdiction to hear Tucker's motion pursuant to 18 U.S.C. § 3231. We have jurisdiction over Tucker's appeal under 28 U.S.C. § 1291. We review de novo a district court's interpretation of the Guidelines, and we review a court's ultimate determination of a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion. *United States v. Mateo*, ___ F.3d ___, 2009 WL 750411, at *2 (3d Cir. Mar. 24, 2009).

This Court recently held in *Mateo* that the crack cocaine amendments provide no benefit to defendants sentenced as career offenders pursuant to U.S.S.G. § 4B1.1 because the amendments do not lower the applicable Guidelines sentencing range for career offenders. *Id.*, ___ F.3d at ___, 2009 WL 750411, at *3. Tucker was sentenced as a career offender, and the crack cocaine amendments therefore do not affect his applicable sentencing range. For the reasons stated in *Mateo*, Tucker may not seek a reduction in his sentence pursuant to § 3582(c)(2), and the District Court did not err in denying Tucker's motion. Tucker's additional grounds for appeal lack merit. Therefore, we will affirm the judgment of the District Court.