

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2009

# USA v. Patrick Leon

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3122

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Patrick Leon" (2009). *2009 Decisions.* Paper 1465.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1465

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3122
_____

UNITED STATES OF AMERICA

v.

PATRICK E. LEON
a/k/a E

Patrick E. Leon,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-98-cr-00206-001)
District Judge:  Honorable James F. McClure
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2009

Before:  SCIRICA, *Chief Judge*, SLOVITER and FISHER, *Circuit Judges*.

(Filed: April 28, 2009 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Patrick Leon, a federal prisoner proceeding pro se, appeals the District Court's

denial of his 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. For the reasons that

follow, we will affirm.

I.

In December 1998, Leon pleaded guilty to conspiracy to possess with intent to

distribute more than five grams of cocaine base ("crack cocaine") in violation of 21

U.S.C. § 846. Based on Leon's status as a career offender under U.S.S.G. § 4B1.1, the

applicable sentencing range under the Sentencing Guidelines was 188 to 235 months'

imprisonment. The District Court sentenced him to 188 months' imprisonment, and we

affirmed on direct appeal in February 2000.

On November 1, 2007, the United States Sentencing Commission promulgated

Amendment 706, which modified a portion of the Drug Quantity Table in U.S.S.G.

§ 2D1.1. *See* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). Generally, Amendment 706

reduced by two levels the base offense levels for crack cocaine offenses under § 2D1.1.

*See id.* This amendment was made retroactive, effective March 3, 2008. *See* U.S.S.G.

App. C, Amend. 713 (Supp. May 1, 2008).

In April 2008, Leon moved the District Court to appoint counsel so that he could

file a § 3582(c)(2) motion for a reduced sentence in light of Amendment 706. The court

granted the motion, appointing the Federal Public Defender's office to represent him.

Shortly thereafter, however, Leon's appointed counsel moved to withdraw, asserting that

2

Amendment 706 did not affect Leon's sentence. The District Court agreed, noting that Leon's sentence was based not on § 2D1.1, but rather on his career offender status under § 4B1.1. Accordingly, the court granted counsel's motion to withdraw and denied Leon's motion for a reduced sentence. Leon now appeals the District Court's denial of his § 3582(c)(2) motion.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo a district court's interpretation of the Sentencing Guidelines and review its decision to grant or deny a defendant's motion for a reduced sentence under § 3582(c)(2) for abuse of discretion. *United States v. Mateo*, ___ F.3d ___, slip op. at 4 (3d Cir. Mar. 24, 2009, No. 08-3249).

Under § 3582(c)(2), a district court may reduce a defendant's term of imprisonment if his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." In *Mateo*, we joined many of our sister circuits in holding that a defendant sentenced pursuant to § 4B1.1 may not invoke Amendment 706 to obtain a reduced sentence under § 3582(c)(2) because the amendment does not affect a career offender's sentencing range. Slip op. at 6. That decision controls here, as Leon's sentencing range was based on his status as a career offender under § 4B1.1. Although Leon contends that the District Court nonetheless had discretion to reduce his sentence under § 3582(c)(2) because *United*

3

*States v. Booker*, 543 U.S. 220 (2005), rendered the Guidelines merely advisory, we rejected this same argument in *Mateo*. *See* slip op. at 6.

Accordingly, we will affirm the District Court's denial of Leon's motion for a reduced sentence.