**UNITED STATES of America**

v.

**Derrick H. BELL, Appellant.**

**No. 08–3763.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 20, 2009.

Filed: Aug. 31, 2009.

Christy H. Fawcett, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Frederick W. Ulrich, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: SCIRICA, Chief Judge, SLOVITER and FISHER, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Derrick H. Bell pleaded guilty to distribution and possession with intent to distribute cocaine base, under a written plea agreement. PSR ¶ 73. Initially, on January 28, 2005, Bell was sentenced to serve a 170 month term of incarceration. *Id.* In July, 2006, the Government moved for a twelve-month reduction in Bell's sentence under the Federal Rules of Criminal Procedure Rule 35(b) because of his substantial assistance to law enforcement. The

District Court granted this motion and reduced Bell's term of imprisonment to 158 months. Subsequently Bell filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) based on the amendments to the Sentencing Guidelines for cocaine base offenses. On August 28, 2008, the District Court denied this motion and issued a Pronouncement of Ineligibility.[1] Bell appealed this judgment. We will affirm.[2]

At the initial sentencing hearing, the District Court fully adopted the Pre–Sentence Report (PSR) which calculated Bell's base offense level of 32 based upon the weight of the cocaine base (at least 50, but less than 150, grams), U.S.S.G. § 2D1.1, and a criminal history of VI as a result of several criminal convictions. His guidelines range, according to the PSR, was 210 to 240 months, reduced from 210 to 262 months because there was also a statutorily authorized maximum sentence of 20 years. PSR ¶ 71; *see also* 21 U.S.C. § 841(b)(1)(c). The PSR recited that Bell was a career offender, under U.S.S.G. § 4B1.1, because he was 18 years or older at the time of the commission of the instant offense, the offense was a felony involving a controlled substance, and he had at least two prior felony convictions for controlled substances. PSR ¶ 21. His career offender guideline range was the same as his drug-weight-based range: 210 to 240 months.

Based upon a recommendation from the government, the District Court also granted Bell a two-point downward departure for acceptance of responsibility under

---

**1.** Bell initially attempted to file this motion pro se, but the Federal Public Defender's office had already been appointed to represent him. Thus, the District Court entered an order striking the pro se motion without prejudice because he was now represented by counsel. Bell made a motion to reinstate his pro se motion and this was denied. He then appealed this denial to the Third Circuit but

the appeal was dismissed upon agreement of the parties. Bell, with counsel, filed another motion for a reduction of his sentence on July 8, 2008 which was denied. This denial is before us today.

**2.** The District Court had jurisdiction under 18 U.S.C. § 3231 and 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291.

U.S.S.G. § 3E1.1. A–29. Accordingly, Bell's offense level was 30, and his new guideline range was 168 to 210. While the District Court did not explicitly reference the career offender guideline during the sentencing hearing, it adopted in full the PSR, which had found Bell to be a career offender. A–29. At no time did Bell ever contest the PSR designation that he qualified as a career offender under the U.S.S.G. As noted, the District Court initially sentenced Bell to term of 170 months which was subsequently reduced to a term of 158 months.

"In November 2007, the Sentencing Commission amended the crack cocaine guidelines [Amendment 706] by revising a portion of the drug quantity table at § 2D1.1(c). Generally, Amendment 706 reducing the base offense levels for crack cocaine offenses under § 2D1.1(c) by two levels." *United States v. Mateo,* 560 F.3d 152, 154 (3d Cir.2009). The Commission declared the amendment to be retroactive. *Id.* Upon motion, a district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The District Court found Bell ineligible for further sentence reduction under Amendment 706 because he was sentenced as a career offender.[3] As noted, the District Court adopted the PSR in toto which designated Bell as a career offender. Bell never lodged an objection that he was not a career offender. This designation is a bar to eligibility for a reduction under 18 U.S.C. § 3582(c).

"The applicable policy statement instructs that any reduction in sentence is ... not authorized by 18 U.S.C. § 3582(c) if an amendment does not have the effect

---

**3.** We review the District Court's interpretation of the sentencing guidelines de novo; however, we review the court's decision to

of lowering the defendant's applicable guideline range." *Mateo,* 560 F.3d at 154 (quoting U.S.S.G. § 1B1.10(a)(2)(B)). The guidelines provide that "if the offense level for a career offender ... is greater than the offense level otherwise applicable, the [criminal offender] offense level ... shall apply." U.S.S.G. § 4B1.1. Therefore, even if Bell were to receive the amendment reduction, it would not change the applicable guideline range because the higher offense level for a career offender under the guidelines would apply.

Because Bell would be still be sentenced under the same guideline range under U.S.S.G. § 4B1.1, regardless of the amendment, he does not qualify to have his sentence reduced pursuant to 18 U.S.C. § 3582(c).

We will affirm the judgment of conviction and sentence.

---

"deny a defendant's motion to reduce sentence under § 3582(c) for abuse of discretion." *Mateo,* 560 F.3d at 154.