OPINION
SMITH, Circuit Judge.
On May 2, 2007, Albert Castro pleaded guilty in the United States District Court for the Middle District of Pennsylvania to three firearm offenses: making false statements in the acquisition of firearms in violation of 18 U.S.C. § 922(a)(6) in Count I; possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) in Count XIV; and transferring firearms out of state in violation of 18 U.S.C. § 922(a)(5) in Count XVI. The presentence report calculated Castro’s guideline range as 151 to 180 months for the § 922 offenses in Counts I and XVI, and a consecutive mandatory minimum of 60 months for the § 924(c) offense in Count XIV.
At sentencing, pursuant to a joint stipulation, the District Court agreed to reduce the drug weight utilized in computing the offense level for the § 922 offenses. This lowered Castro’s guideline range to 121 to 151 months on the § 922 offenses, to be followed by a consecutive mandatory minimum of 60 months on the § 924(c) offense. The Court also granted Castro’s motion under U.S.S.G. § 4A1.1 for a downward departure on the basis that his criminal history category overrepresented the seriousness of his criminal history, thereby lowering his criminal history category to III. In addition, the Court granted the government’s motion for a substantial assistance departure under U.S.S.G. § 5K1.1 of three levels, further decreasing his offense level to 26. As a consequence, Castro’s guideline range was lowered to 78 to 97 months. Finally, the Court was persuaded because of the disparity in sentences for crack and powder cocaine to grant a variance of 12 months from the lower parameter of Castro’s adjusted guideline range. It sentenced Castro to 66 months for the § 922(a)(6) offense in Count I, a concurrent sentence of 83 months for the § 922(a)(5) offense in Count XVI, followed by a consecutive term of 60 months for the § 924(c) offense in Count XIV. As a result, Castro’s total period of incarceration was 126 months.
Subsequently, Amendment 706 to the United States Sentencing Guidelines modified the drug quantity table in U.S.S.G. § 2D1.1(c), generally “decreasfing] by two levels the [crack cocaine] base offense levels.” United States v. Wise, 515 F.3d 207, 219 (3d Cir.2008). On December 11, 2007, the Sentencing Commission added Amendment 706 to the list of amendments set out in U.S.S.G. § lB1.10(c) that may be applied retroactively (effective March 3, 2008). Thereafter, Castro moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). In his view, application of Amendment 706, together with the adjustments and variance received during his initial sentencing, would lower his sentencing range by an additional 15 months. The probation officer who prepared the presentence report, however, explained that application of the crack cocaine amendment would result in a reduction of Castro’s sentencing range of only three months. Furthermore, the probation officer pointed out that the District Court had already granted a variance due to the disparity in sentences for crack and powder cocaine. The Government embraced probation’s calculation.
Without holding a hearing, the District Court issued an order vacating the 66-month sentence for the § 922(a)(6) offense and imposing a sentence of 63 months. With the consecutive mandatory minimum sentence of 60 months on the *848 § 924(c) offense, Castro’s revised sentence totaled 123 months. Castro appealed, contending that his sentence is procedurally unreasonable because the District Court’s order did not explain the basis for denying, in part, his request for a reduction in sentence under § 3582(c)(2).[1] As support for his position, he cites cases concerning sentencing under 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The gist of Castro’s argument is that we cannot conduct a meaningful review of his sentence without an articulation by the District Court of its rationale for imposing his modified sentence.
Contrary to Castro’s view, his motion for a reduction of sentence under § 3582(c)(2) did not entitle Castro to a full resentencing under 18 U.S.C. § 3553(a). As we explained in United States v. Mateo, 560 F.3d 152, 156 (3d Cir.2009), the District Court’s authority under § 3582(c)(2) and U.S.S.G. § 1B1.10(B)(1) is limited to applying “only the effect of the crack cocaine amendments!).]”
Thus, we need only determine whether the District Court abused its discretion in granting a three-month reduction in Castro’s sentence. See 18 U.S.C. § 3582(c)(2) (providing that District Court “may reduce the term of imprisonments”); United States v. Mateo, 560 F.3d 152, 154 (3d Cir.2009). We find no abuse of discretion inasmuch as the reduction is consistent with the effect of the crack cocaine amendment on Castro’s sentencing range. For that reason, we will affirm the District Court’s order.[2]

. The District Court exercised jurisdiction pursuant to 18 U.S.C. §§ 3231, and 3582(c)(2). We exercise jurisdiction under 28 U.S.C. § 1291.

. We are mindful of Castro’s argument in his reply brief that the "new DOJ policy is that there should be no disparity in sentencing between crack cocaine and powder cocaine offenses," and dial we should vacate the District Court's modified sentence and remand to afford the District Court another opportunity to exercise its discretion. This “new policy” has yet to result in an amendment to the sentencing guidelines. Accordingly, there is no reason to vacate the District Court’s modified sentence and remand for resentencing at this time.