**UNITED STATES of America**

v.

**Aaron CAMACHO–VILLARREAL,**
**a/k/a Aaron, a/k/a Feleipe**
**Alberto Villaverde**

**Aaron Camacho–Villarreal, Appellant.**

**No. 08–4718.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) Sept. 30, 2009.

Filed: Oct. 14, 2009.

John C. Gurganus, Jr., Esq., Office of United States Attorney, Scranton, PA, for United States of America.

Frederick W. Ulrich, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: RENDELL, AMBRO, and WEIS, Circuit Judges.

OPINION

WEIS, Circuit Judge.

Defendant Aaron Camacho–Villarreal, a Mexican national who had been ordered removed from the United States following each of his three prior drug convictions, was arrested for selling crack cocaine in April 2005, and a grand jury returned a six-count indictment against him. He pleaded guilty to Count I, charging conspiracy to distribute more than 50 grams

of cocaine base (crack) and one kilogram of cocaine, in violation of 21 U.S.C. § 846. He also pleaded guilty to Count VI, asserting illegal re-entry of an aggravated felon, a violation of 8 U.S.C. § 1326(b)(2).

On January 4, 2006, the District Court sentenced defendant to 188 months' imprisonment. Although the Presentence Investigation Report calculated a base offense level of 32 for the crack cocaine count pursuant to § 2D1.1 of the Sentencing Guidelines, the defendant's sentence was determined instead by his status under the Guidelines as a "career offender." *See* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").

In October 2008, defendant moved for modification of his sentence pursuant to the Sentencing Reform Act, 18 U.S.C. § 3582(c)(2), and Amendments 706 and 713 to the Guidelines, which retroactively reduced the base offense levels for certain crack cocaine crimes listed at § 2D1.1. *See* U.S.S.G.App. C, Amend. 706 (Nov. 1, 2007); *id.* App. C, Amend. 713 (Supp. March 3, 2008) (declaring that Amendment 706 would operate retroactively). The District Court denied the motion, noting that, because defendant had been sentenced as a career offender, § 2D1.1 played no role in calculating his sentence. In addition, the Court held Amendment 706 would not have the effect of lowering the defendant's sentencing range such that 18 U.S.C. § 3582(c)(2) would apply.

The facts of this case, and the arguments advanced by defendant, are virtually identical to those in *United States v. Mateo,* 560 F.3d 152 (3d Cir.2009). In essence, defendant argues that, because the District Court examined both the crack cocaine and the career offender Guideline ranges in determining that the latter should apply, his sentence was necessarily "based on" the former. We have rejected this reasoning, *see Mateo,* 560 F.3d at 155, and hold that the District Court was correct in declining to adopt the defendant's proposed interpretation of § 3582(c).

Defendant further contends that the District Court erred in refusing to reduce his sentence pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The District Court's ruling was correct. As we confirmed in *Mateo,* "this Court has rejected the argument that *Booker* provides a basis for reduction of sentence not otherwise allowable under § 3582(c)." 560 F.3d at 155.

As we find no merit in the defendant's remaining arguments, the Order of the District Court will be affirmed.