NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1502
_____

UNITED STATES OF AMERICA

v.

ALPHONSO L. MACON, JR.,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-99-CR-00126-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
on October 7, 2010

Before: FUENTES, JORDAN and ALDISERT, Circuit Judges
(Opinion Filed: October 28, 2010)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Alphonso L. Macon, Jr., appeals from the District Court's Order denying his 18

U.S.C. § 3582(c)(2) motion for a sentence reduction. He presents two issues for our

consideration: first, whether the District Court erred in denying his motion for a sentence

reduction by determining his sentence was not based on a subsequently lowered

1

sentencing range, and, second, whether the District Court abused its discretion by concluding additionally that his post-sentencing conduct warranted denial of a sentence reduction. We hold that although our recent decision in United States v. Flemming, 617 F.3d 252 (3d Cir. 2010), establishes Macon's sentence was based on a subsequently lowered sentencing range, the Court acted within its discretion in declining to reduce his sentence. Accordingly, we will affirm the District Court.[1]

I.

Because we write only for the parties, who are familiar with the events that gave rise to this appeal, we recount the facts and the District Court proceedings only as necessary to explain our reasoning.

On August 19, 1999, Macon pleaded guilty to a charge of distribution and possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). At Macon's re-sentencing hearing (an error was made in the first sentencing hearing), the District Court noted that Macon likely qualified as a career offender. Pursuant to the 1998 U.S. Sentencing Guidelines Manual ("Guidelines"), Macon's recommended sentence under the Career Offender Guidelines range was 360 months to life, but under the Crack Cocaine Guidelines range was 210 to 262 months. Holding that he was a career offender, the Court nonetheless sentenced Macon to 210 months. It stated

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and, as we determine, § 3582(c)(2). We have jurisdiction under 18 U.S.C. § 1291. We review de novo a district court's interpretation of the Guidelines. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review a court's decision to grant or deny a defendant's motion to reduce a sentence under § 3582(c)(2) for abuse of discretion. Id.

that his criminal history category significantly over-represented the seriousness of his criminal history and the likelihood he would recidivate, which was a basis for downward departure under § 4A1.3. See U.S. Sentencing Guidelines Manual § 4A1.3 (1998) [hereinafter U.S.S.G.]. In granting the departure, however, the District Court cited § 5K2.0 of the Guidelines.

In 2007, Amendment 706 lowered the base offense levels for most crack cocaine offenses. U.S.S.G. supp. app. C, amend. 706 (2007). Macon filed a Motion for Relief Under 18 U.S.C. § 3582(c) contending that, notwithstanding his career offender status, he was actually sentenced based on the Crack Cocaine Guidelines range, and was therefore eligible for a sentence reduction pursuant to Amendment 706. The District Court denied Macon's Motion on the basis that United States v. Mateo, 560 F.3d 152 (3d Cir. 2009), applied. The Court also noted that Macon's current sentence was necessary to promote respect for the law and deter criminal conduct, in light of his post-sentencing prison regulation violations (since incarceration, Macon committed six institutional infractions, ranging from possessing postage stamps to fighting, although he also participated in educational programs and received his graduate equivalency diploma). Macon timely appealed.

## II.

Macon and the government dispute the District Court's determination that Mateo governed Macon's § 3582(c)(2) Motion. We need not address the question, however, because our intervening decision in Flemming establishes that Macon was eligible for a sentence reduction. Nonetheless, eligible does not mean entitled: the decision to grant a

departure is committed to the district court's discretion, which in this case the Court exercised properly in declining to reduce Macon's sentence.

A.

We begin by determining the basis of Macon's downward departure. Although the District Court cited § 5K2.0 in granting the departure, its stated reasons track the language of § 4A1.3 nearly verbatim.[2] Section 5K2.0 is a catchall provision that applies in the absence of an applicable Guideline provision. Section 4A1.3, in comparison, applies when a defendant's career offender status over-represents his criminal history, which is exactly what the District Court determined in this case. We therefore conclude Macon's downward departure was granted properly pursuant to § 4A1.3.

In Flemming, we held that "under a pre-2003 edition of the Sentencing Guidelines, a career offender who is granted a § 4A1.3 downward departure to the Crack Cocaine Guidelines range is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)." 617

---

[2] Section 4A1.3 of the 1998 Guidelines provided:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.
> . . . .
> There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes.

U.S.S.G. § 4A1.3 (1998). Section 5K2.0 applied only if there were "mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission in formulating the guidelines . . ." Id. § 5K2.0.

F.3d at 272. The facts before us in Flemming were remarkably similar to the ones before us now, and in Flemming we stated:

> Though the District Court agreed that Flemming technically qualified as a career offender, it declined to sentence him within that range, and instead applied the Crack Cocaine Guidelines range after determining under § 4A1.3 that the career offender enhancement overstated the seriousness of his criminal history. In other words, the District Court "actually used" the Crack Cocaine Guidelines range, rather than the Career Offender Guidelines range, when it sentenced Flemming.

Id. at 258. Based on the factual similarity to Flemming, we agree with Macon that the District Court used the Crack Cocaine Guidelines range to set his sentence at 210 months. As a "a career offender who [was] granted a § 4A1.3 downward departure to the Crack Cocaine Guidelines range," Macon therefore "is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)." Id. at 272.

B.

Although Macon was eligible for a sentence reduction, the decision to grant one remains within the discretion of the district court. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). In this case, the District Court had before it Macon's pre- and post-sentencing conduct, both positive and negative. It considered the factors set forth in 18 U.S.C. § 3553(a) and concluded that Macon's original sentence was "necessary to promote respect for the law and provide deterrence." We cannot conclude that it exceeded the permissible bounds of discretion in denying Macon's motion for a reduction in sentence.

*****

5

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be AFFIRMED.