CLD-436                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3523
_____

UNITED STATES OF AMERICA

v.

GEORGE GONZALEZ,
                                        Appellant.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 4-02-cr-00271-002)
District Judge: John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 26, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: October 16, 2013)
_____

OPINION
_____

PER CURIAM

        Appellant George Gonzalez, a federal prisoner, appeals from an order of the

District Court denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2).

For the reasons that follow, we will summarily affirm.

In 2003, Gonzalez pleaded guilty in the United States District Court for the Middle District of Pennsylvania to conspiracy to distribute cocaine base, an offense which exposed him to a 10-year mandatory minimum sentence. Gonzalez, however, was a career offender, and so his Guidelines imprisonment range accordingly was calculated to be 262 to 327 months, well above the 10-year mandatory minimum. The District Court granted the Government's § 5K1.1 motion for substantial assistance; Gonzalez's career offender sentence exposure was reduced from 262 to 327 months to 168 to 210 months. Gonzalez was sentenced to a term of imprisonment of 168 months.

At issue in this appeal, Gonzalez filed a motion pursuant to section 3582(c)(2), seeking a reduction in his sentence based on our decision in United States v. Savani, --- F.3d ---, 2013 WL 2462941 (3d Cir. June 10, 2013). After the Federal Public Defender expressed the view that a reduction was not authorized for Gonzalez, the District Court, in an order entered on August 5, 2013, denied the motion.

Gonzalez appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised the parties that we might act summarily under Third Cir. LAR 27.4 and I.O.P. 10.6 to dispose of the appeal. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Gonzalez has submitted a written summary action response, which we have considered.

We will summarily affirm because no substantial question is presented by this appeal. Under section 3582(c)(2), a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered, may

move for a reduction in his sentence. The District Court's ultimate decision to deny a section 3582(c)(2) motion is reviewed for an abuse of discretion, but we review de novo the District Court's interpretation of the Guidelines. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

Here, the District Court concluded that no reduction was possible because Gonzalez was sentenced as a career offender to a term of imprisonment (168 months) well above the mandatory minimum applicable to his offense (120 months). We agree. The Fair Sentencing Act ("FSA"), signed into law on August 3, 2010, raised the minimum quantity of crack cocaine required to trigger the 5- and 10-year mandatory minimums. See Savani, --- F.3d at ---, 2013 WL 2462941, at *3. The amendments which implemented the FSA apply retroactively. See id. In Savani, we held that "when a defendant was subject to a mandatory minimum term and was sentenced to a term pursuant to the guidelines but below the mandatory minimum as a result of a § 3553[e] motion by the government, and when the sentencing range is later lowered by the Sentencing Commission … , that defendant is eligible to move for reduction of sentence pursuant to § 3582(c)(2)." Id. at *9.

A reduction in sentence is not authorized for Gonzalez by the FSA and Savani, because he was sentenced based on the Guidelines range applicable to his career offender status and the Government's § 5K1.1 motion to a term of imprisonment well above the mandatory minimum of 10 years. Gonzalez has attached to his summary action response a decision by the District Court denying his December, 2011 section 3582(c)(2) motion, in which the court stated that he was resentenced on August 10, 2005 to a term of

3

imprisonment of 108 months.  As clarified by the District Court in the order now being appealed, this was an inadvertent misstatement.  Gonzalez was never sentenced to a term of imprisonment lower than 168 months, as is plainly clear from a review of the entire criminal record in his case.

For the foregoing reasons, we will summarily affirm the order of the District Court denying appellant's motion for reduction of sentence.