BLD-253                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1166
_____

UNITED STATES OFAMERICA

v.

FERNANDO PENA, a/k/a Majestic

Fernando Pena,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 03-cr-00487-009)
District Judge:  Honorable John R. Padova

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 and Possible Dismissal as Untimely
May 12, 2016
Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Fernando Pena, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will summarily affirm the judgment of the District Court.[1]

In 2004, Pena was convicted after a jury trial of conspiracy to distribute in excess of fifty grams of cocaine base. At sentencing, the District Court found that the Government had established that Pena was responsible for distributing 1.5 kilograms of crack cocaine, that he had a leadership role in the offense, and that he possessed a firearm in connection with the offense. These findings resulted in a base offense level of 38 based on the drug quantity and a total offense level of 42. With a criminal history category of VI, Pena's advisory guideline sentencing range was determined to be 360 months to life in prison. Taking into account the sentencing factors under 18 U.S.C. § 3553(a), the District Court sentenced Pena to 260 months in prison. We affirmed the judgment on direct appeal. United States v. Keyes, 214 F. App'x 145, 157 (3d Cir. 2007) (non-precedential).

In 2007, Pena filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied relief and we denied Pena's request for a certificate of appealability. Thereafter, the District Court denied two motions filed by Pena to reduce his sentence

---

[1]Pena was notified that his appeal was subject to possible dismissal because it appeared to be untimely. We have determined that we may reach the merits of his appeal.

pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to the Sentencing Guidelines that lowered the base offense levels applicable to crack cocaine offenses. The District Court found that application of the amendments did not lower Pena's sentencing range and he was thus ineligible for a sentence reduction. We affirmed the denial of both motions.

In 2015, Pena filed another motion to reduce his sentence based on Amendment 782 to the Guidelines, which lowered the base offense levels for crack cocaine as well as other drug offenses. The District Court found that Amendment 782 lowers Pena's sentencing range, but ruled that he is still ineligible for a sentence reduction because the Guidelines preclude reducing his sentence below the bottom of the amended guideline range, in this case 324 months. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo the District Court's interpretation of the Sentencing Guidelines. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review the District Court's ruling on a motion to reduce a sentence under § 3582(c)(2) for abuse of discretion. Id.

Under § 3582(c)(2), a court may reduce a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2). Any such reduction must be consistent with applicable policy statements issued by the Sentencing Commission. Id. The relevant policy statement here provides that a court shall not reduce a defendant's sentence under § 3582(c)(2) to a term that is less than the minimum

3

of the amended guideline range, except if the original sentence imposed was below the guideline range as a result of a motion to reflect a defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(A),(B).

As noted above, Amendment 782 lowered the base offense levels for drug offenses. Based on the finding that Pena was responsible for distributing 1.5 kilograms of cocaine base, his base offense level under Amendment 782 is 32. See U.S.S.G. § 2D1.1(c)(4). With a total offense level of 36 and a criminal history category of VI, Pena's amended sentencing range is 324 to 405 months in prison. U.S.S.G. Sentencing Table, Ch. 5, Pt. A. We agree with the District Court that under the policy statement Pena's sentence may not be reduced below 324 months in prison. Pena's original sentence was not below the guideline range as a result of a motion to reflect his substantial assistance. See United States v. Berberena, 694 F.3d 514, 518-19 (3d Cir. 2012) (noting that this is the only situation when a reduction below the bottom of a prisoner's amended range is allowed).

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.