**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2725

_____

UNITED STATES OF AMERICA

v.

GILBERT ROBINSON,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:03-cr-00121-001)
District Judge: Honorable John E. Jones III

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 24, 2020

Before: AMBRO, SHWARTZ, and BIBAS, *Circuit Judges*

(Filed: May 12, 2020)

_____

OPINION[*]

_____

BIBAS, *Circuit Judge*.

When nothing has changed since a defendant's original sentencing, a court does not

abuse its discretion by sticking with its initial sentence.

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

In 2004, Gilbert Robinson pleaded guilty to conspiring to sell 50 or more grams of crack cocaine. In his plea agreement, Robinson and the Government agreed to recommend that the District Court compute his Sentencing Guidelines range based on 35.7 grams. Considering the stipulated drug quantity and the sentencing factors in 18 U.S.C. §3553(a), the court sentenced Robinson to the bottom of his Guidelines range: 292 months' imprisonment followed by eight years' supervised release.

The First Step Act of 2018 later authorized federal judges to resentence defendants with drug convictions if another law had raised the drug quantities needed to trigger certain minimum and maximum sentences. Pub. L. No. 115-391, §404(b), 132 Stat. 5194, 5222. That other law, the Fair Sentencing Act of 2010, had raised the amount of crack cocaine required to trigger one statutory sentencing range from 5 to 28 grams and another from 50 to 280 grams. Pub. L. No. 111-220, §2(a), 124 Stat. 2372, 2372 (amending 21 U.S.C. §841(b)(1)(A)(iii), (B) (iii)).

Robinson moved for resentencing under the First Step Act. But the District Court found him ineligible for relief because the drug quantities specified in his indictment and plea agreement still exceeded the new, 28-gram threshold and triggered the same statutory penalty. The District Court also noted that even if Robinson were eligible for relief, it would have exercised its discretion to impose the same sentence because his Guidelines range would be the same.

Robinson now timely appeals this denial. The District Court had jurisdiction under 18 U.S.C. §§3231 and 3582(c)(1). We have jurisdiction under 28 U.S.C. §1291 and 18 U.S.C. §3742(a). We review the District Court's legal determinations de novo. *United States v.*

*Ware*, 694 F.3d 527, 531 (3d Cir. 2012). We review its decision to deny the motion for a reduced sentence for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

We need not decide whether the District Court erred in finding Robinson ineligible for relief. The court concluded that, in any event, it would have applied the same Guidelines range at resentencing. Because the drug quantity charged in the indictment (at least 50 grams) and the quantity stipulated in the plea agreement (35.7 grams) both exceeded the Fair Sentencing Act's 28-gram threshold, his statutory sentencing range stayed the same under 28 U.S.C. § 841(b)(1)(B)(iii). So did his career-offender status under U.S.S.G. § 4B1.1. Thus, the same ten-year mandatory minimum, life maximum, and Guidelines range of 292 to 325 months still apply. And his 292-month sentence is still at the bottom of the range.

Robinson moved to reduce his sentence because he thought that the Fair Sentencing Act had reduced his statutory sentencing range. But it did not. And he pointed to nothing else that had changed since his original sentencing. So the District Court did not err in declining to reconsider the other § 3553(a) factors.

Finally, Robinson argues that the District Court should have considered his postsentencing conduct as proof of rehabilitation under *Pepper v. United States*, 562 U.S. 476, 490 (2011). Though *Pepper* held that a defendant's postsentencing conduct "may be highly relevant to several § 3553(a) factors," it also held that courts need not consider this at resentencing. *Id.* at 491, 504–05. In any case, Robinson failed to present any evidence of his good behavior in prison for the District Court to consider. Thus, the court did not

abuse its discretion in denying his motion for resentencing and sticking with its initial sentence. We will affirm.