**UNITED STATES of America**

v.

**Curtis JOHNSON, Appellant.**

**No. 09–1783.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 2, 2009.

Opinion filed: Oct. 5, 2009.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Curtis Johnson, Fort Dix, NJ, pro se.

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Curtis Johnson, a federal inmate, appeals from the District Court's Order denying his motion for a sentence reduction. We will affirm.

In 1997, Johnson entered a guilty plea to one count of conspiracy to distribute and possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Based on his prior convictions, the Probation Of-

fice determined that Johnson was a career offender, and it calculated a base offense level of 37 under U.S.S.G. § 4B1.1. After a three-level reduction for acceptance of responsibility, the Probation Office calculated a final offense level of 34.

After a sentencing hearing, the District Court agreed with the government that Johnson's base offense level under § 4B1.1 as a career offender should be 34, and his final offense level 31. With a criminal history category of VI, the Guidelines range was 188 to 235 months. The District Court sentenced Johnson to 212 months in prison.

"In November 2007, the Sentencing Commission amended the crack cocaine guidelines by revising a portion of the drug quantity table at § 2D1.1(c)." *United States v. Mateo,* 560 F.3d 152, 154 (3d Cir.2009). The general effect of "Amendment 706" is to decrease by two levels the base offense level for crack offenses. *Id.* The Sentencing Commission later determined that Amendment 706 applies retroactively. *Id.*

In October 2008, Johnson filed a pro se motion under 18 U.S.C. § 3582(c)(2) seeking this two-level reduction. The government opposed the motion, and the District Court denied relief, holding that because Johnson was sentenced as a career offender under § 4B1.1, his base offense level could not be lowered under the amended guidelines. Johnson timely filed this appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review a decision denying a sentence reduction under § 3582(c)(2) for abuse of discretion. *Mateo,* 560 F.3d at 154 & n. 2 (3d Cir.2009).

In *Mateo,* we held that Amendment 706 does not lower the base offense level required under § 4B1.1(b) for career offenders. 560 F.3d at 154–55. "Amendment

706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1." *Id.* at 155. Here, Johnson was sentenced as a career offender and his offense level was determined by § 4B1.1. Consequently, the District Court correctly held that Amendment 706 affords Johnson no relief.[1]

We have considered Johnson's remaining contentions and find them without merit. We will affirm the District Court's judgment.

---

1. Johnson relies upon *United States v. Spurlock*, Crim. No. 02–187–07, 2008 U.S. Dist. LEXIS 32700 (M.D.Pa. Apr. 18, 2008), but the district court in *Spurlock* did not have the benefit of our subsequent decision in *Mateo*, which is controlling here. In addition, unlike Johnson, the *Spurlock* defendant apparently was sentenced under § 2D1.1. *See id.* at *4–5. Johnson's attempt to attack the factual basis for his career offender designation, *see* Reply Br. at 4–5, is rejected.