**UNITED STATES of America**

v.

**James O'NEAL–SLOANE, Appellant.**

**No. 08–4362.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 28, 2009.

Filed March 16, 2010.

---

Ronald A. Krauss (Argued), Office of Federal Public Defender, Harrisburgh, PA, for Appellant.

Daryl F. Bloom (Argued), Office of United States Attorney, Harrisburgh, PA, for Appellee.

Before: SLOVITER, FUENTES, and HARDIMAN, Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

Before us is the appeal of James O'Neal–Sloane from the District Court's order denying his motion seeking a reduction in his sentence. The District Court rejected his motion for a reduction under Amendment 706 to the Sentencing Guidelines, which provides for a retroactive two-level reduction in the base offense level for offenses involving crack cocaine under U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007) (hereafter, "Amendment 706"). His principal argument is that the District Court erred in sentencing him as a "career offender" under the Guidelines. We are not persuaded.

## I.

O'Neal–Sloane's sentence followed convictions for distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Because of O'Neal–Sloane's prior state-court convictions, the District Court found that he was a career offender, and calculated a total offense level of 37 and a criminal history category of VI. It sentenced O'Neal–Sloane to a term of 360 months in prison. Shortly thereafter, O'Neal–Sloane filed a motion to vacate his sentence under 28 U.S.C. § 2255. The District Court denied that motion and this court declined to issue a certificate of appealability.

In December 2007, the Sentencing Commission added Guidelines Amendment 706 which reduced the base offense level for offenses involving crack cocaine by two levels. It later added Amendment 713 which made the base offense level reductions retroactive beginning March 3, 2008, U.S.S.G. App. C, Amend. 713 (March 3, 2008). *See* U.S.S.G. § 1B1.10(c). Based on Amendment 706, O'Neal–Sloane filed a motion under 18 U.S.C. § 3582(c)(2) [1] to reduce the sen-

---

1. 18 U.S.C. § 3582(c)(2) provides:
   in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994(*o* ), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

tence for his crack cocaine offense, which the District Court denied.[2] The order denying that motion is the subject of this appeal. The Government argues that the District Court lacked jurisdiction to reduce O'Neal–Sloane's previously imposed sentence.

## II.

█ Because O'Neal–Sloane was sentenced as a career offender, his sentence cannot be reduced under Amendment 706 unless we first determine that his career offender status was error. In *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir.2009), we held that "the lowering of the base offense level under § 2D 1.1(c) has no effect on the application of the career offender offense level...." Nonetheless, O'Neal–Sloane argues that "[j]urisdiction lies [to reconsider his career offender status in a § 3582(c)(2) proceeding] because [his] entitlement to the two-level reduction for crack offenses ... is inextricably bound up with the merits of his status as career offender." Appellant's Br. at 24–25. However, although 18 U.S.C. § 3582(c)(2) is the mechanism by which a prisoner may seek to have his sentence reduced because of a retroactive amendment to the Guidelines, district courts have no authority "to reconsider [their] prior determination to apply the career offender guidelines...." *Mateo*, 560 F.3d at 156.

As noted in *Mateo*, adopting O'Neal–Sloane's contention would contravene the statutory text. *Id.* Section 3582(c)(2) states that any sentence modification must be "consistent with applicable policy statements issued by the Sentencing Commission." The relevant Guidelines policy statement, as revised after Amendment 706, requires a court to

determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute *only* the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced *and shall leave all other guideline application decisions unaffected.*

U.S.S.G. § 1B1.10(b)(1) (emphases added).

█ The procedure available for a motion for reduction in sentence based on a defendant's erroneous designation as a career offender is provided by 28 U.S.C. § 2255(a), rather than by 18 U.S.C. § 3582(c)(2). Section 2255(a), provides that a "prisoner in custody under sentence of a court established by Act of Congress claiming ... that the sentence was imposed in violation of the ... laws of the United States ..., may move the court which imposed the sentence to vacate, set aside or correct the sentence."

O'Neal–Sloane's prior motion under § 2255 was unsuccessful. Before a successive § 2255 motion may be considered by the District Court, it must be certified by a three judge panel of the court of appeals to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral

---

2. We review a district court's ultimate decision whether to grant or deny a defendant's motion to reduce his or her sentence under § 3582(c)(2) for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 n. 2 (3d Cir.2009).

review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2). Neither provision pertains here. *See In re Dorsainvil,* 119 F.3d 245, 247–48 (3d Cir.1997) (rejecting arguments that a new judicial opinion constitutes newly discovered evidence and that the Supreme Court's interpretation of a criminal statute constitutes a new rule of constitutional law).

■ O'Neal–Sloane contends that even if he cannot make a second motion under § 2255, the District Court should have construed his motion as a petition for habeas corpus under 28 U.S.C. § 2241 and the "safety valve" clause of 28 U.S.C. § 2255(e), which we interpreted in *In re Dorsainvil.*[3] 119 F.3d at 249. O'Neal–Sloane's reliance on our decision in *In re Dorsainvil* is misplaced. In that case, we noted that the safety-valve could be used only if § 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention." *In re Dorsainvil,* 119 F.3d at 251 (quoting 28 U.S.C. § 2255(e)). That was the situation in *In re Dorsainvil,* where the petitioner was in an "unusual position" as a prisoner who, without the safety-valve, would have had no opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. *Id.*

Whereas the petitioner in *In re Dorsainvil* may have been confined for conduct the Supreme Court later deemed not to be criminal, O'Neal–Sloane has no similar claim and there is no doubt that his confinement is lawful. His situation is therefore unlike that presented in *In re Dorsainvil* which turned on the "complete miscarriage of justice" presented by the exceptional circumstances in that case. *Id.* at 251 (quoting *Davis v. United States,* 417 U.S. 333, 346–47, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)). Arguably, an incorrect classification as a career offender would be a miscarriage of justice but O'Neal–Sloane does not present such a case.

Underlying O'Neal–Sloane's classification as a career offender is his 2001 conviction for simple assault under Pennsylvania law. Under the Pennsylvania statute, a person is guilty of simple assault if he "intentionally, knowingly or *recklessly* causes bodily injury to another...." *See* 18 Pa. Cons.Stat. Ann. § 2701 (emphasis added).[4] A career offender must have had "at least two prior felony convictions of either *a crime of violence* or a controlled substance offense." U.S.S.G. § 4B1.1(a) (emphasis added). Under the Sentencing Guidelines, a crime of violence is an offense punishable by imprisonment for a term exceeding one year that has as an

**3.** In his brief, O'Neal–Sloane also argued that the District Court could have construed his motion under § 3582(c)(2) as a petition for a writ of coram nobis. At oral argument, however, O'Neal–Sloane stated through counsel that he was abandoning that theory, acknowledging that the writ of coram nobis "doesn't apply" to this case. Tr. of Oral Argument at 22.

**4.** Pennsylvania's simple assault statute, 18 Pa. Cons.Stat. Ann. § 2701, says, in relevant part:
A person is guilty of assault if he:
(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
(2) negligently causes bodily injury to another with a deadly weapon;
(3) attempts by physical menace to put another in fear of imminent serious bodily injury; or
(4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

element, inter alia, "the use of . . . physical force against the person of another" or "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(1)-(2).

In *United States v. Johnson*, 587 F.3d 203, 208–09 (3d Cir.2009), we considered whether a conviction of simple assault in Pennsylvania should be treated as a conviction of a crime of violence. We accepted the Government's interpretation of *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), as holding that a crime involving negligent or reckless conduct was not a crime of violence for career offender purposes. *Johnson*, 587 F.3d at 210–11. On the other hand, we held that if the conduct was intentional or knowing, the conviction under Pennsylvania's simple assault statute is a crime of violence. *Johnson*, 587 F.3d at 210–11.

The relevant facts about O'Neal–Sloane's 2001 simple assault conviction are set forth in the Pennsylvania Superior Court's opinion affirming the jury's verdict. *Commonwealth v. O'Neal–Sloan*, No. 01698MDA01, 2002 WL 32782354 (Pa.Super.Ct.2002). He was charged with punching his girlfriend in the eye and causing abrasions on her knees and elbows. *Id.* at 6. Although he denied the charge, the jury found him guilty. *Id.* at 7–8 (quoting the trial court's finding that O'Neal–Sloane "knowingly caused bodily injury to" his girlfriend); *see also Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (permitting reliance on express findings by the trial judge in determining whether a prior state-court conviction is a violent felony). It follows that O'Neal–Sloane's simple assault was intentional and thus a crime of violence under *Johnson*. *See* 587 F.3d at 212 ("[A]n intentional or knowing violation of [Pennsylvania's simple assault statute] is a crime of violence under U.S.S.G.

§ 4B1.2(a)(2)."). In light of the conduct underlying O'Neal–Sloane's simple assault conviction, which satisfies the crime of violence requirement for classification as a career offender, we find no miscarriage of justice in the District Court's decision to impose O'Neal–Sloane's original sentence.

### III.

For the above-stated reasons, we will affirm the order of the District Court denying O'Neal–Sloane's motion to reduce his sentence.