**UNITED STATES of America**

v.

**Dion MUTH, Appellant.**

No. 09–2286.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on Nov. 17, 2009.

Opinion filed: March 24, 2010.

Christy H. Fawcett, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Ronald A. Krauss, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: AMBRO, ALDISERT and ROTH, Circuit Judge.

### OPINION

ROTH, Circuit Judge:

Dion Muth appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The District Court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's interpretation of the Sentencing Guidelines is *de novo*, and our review of its decision to deny Muth's sentence reduction is for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir.2009).

Because we write primarily for the parties, we only briefly recite the facts. Muth pleaded guilty to charges of possession with intent to distribute crack cocaine and powder cocaine, in violation of 21 U.S.C. § 841(a)(1). The United States Probation Office calculated a base offense level of 30 for this crime and an offense level of 32 under the Career Offender enhancement, U.S.S.G. § 4B1.1. The District Court applied the higher offense level of 32, pursuant to § 4B1.1(b), in sentencing Muth to 150 months.

Subsequently, the United States Sentencing Commission retroactively amended the guidelines concerning crack cocaine,

---

generally reducing the base offense levels by two. U.S.S.G.App. C, Amend. 706 (Nov. 1, 2007). Muth then moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on that amendment. The District Court found that Amendment 706 did not apply to Muth, since his sentence was based on the Career Offender enhancement and not his crack cocaine conviction, consistent with this Court's *Mateo* decision.

This Court determined in *Mateo* that Amendment 706 does not apply to career offenders because their sentences are based on the Career Offender enhancements instead of the crack cocaine offense levels. 560 F.3d at 155. Muth acknowledges that *Mateo* is controlling, but he appeals this decision for the purpose of preserving this issue for future review. Because *Mateo* is clear and controlling, we will affirm the judgment of the District Court.