NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 09-3269

———

UNITED STATES OF AMERICA

v.

SHAVOUN A. BERRY,
                    Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-99-cr-00015-001 )
District Judge: Honorable Joy Flowers Conti

———

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2010

Before:  SLOVITER and HARDIMAN, Circuit Judges,
         and POLLAK[*], District Judge

Filed: April 16, 2010

———

OPINION

———

_____

[*]Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District
of Pennsylvania, sitting by designation.

SLOVITER, *Circuit Judge*.

Shavoun A. Berry appeals an order of the District Court denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We will affirm.

**I.**

In April 2000, Berry pled guilty to conspiracy to distribute and possess with the intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Berry's original adjusted offense level under the Sentencing Guidelines was 25 based on the amount of crack involved. Because Berry had at least two prior felony drug convictions, he was designated a career offender under U.S.S.G. § 4B1.1. Under this provision, Berry's offense level was 31, after a three-level reduction for acceptance of responsibility. Berry had a criminal history category VI and a Guidelines range of 188-235 months imprisonment. Although Berry argued that the career offender provision overrepresented his criminal history under U.S.S.G. § 4A1.3, the District Court rejected this argument and sentenced Berry to 188 months.

Berry was unsuccessful in seeking to vacate his sentence in November 2001. In October 2008, Berry filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that a sentence reduction was warranted based on amendments to the Guidelines which retroactively reduced the base offense levels for crack cocaine offenses. *See* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). Berry argued that his career offender status overrepresented his criminal history and that his counsel was ineffective for failing

2

to seek a departure on that basis. The District Court denied the motion and this appeal followed.[1]

## II.

We review a sentencing court's decision to deny a defendant's motion under § 3582(c)(2) for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 & n.2 (3d Cir. 2009). A sentencing court may reduce a term of imprisonment under § 3582(c) when a defendant "has been sentenced . . . based on a sentencing range that has subsequently been lowered [by the Sentencing Commission]" and it is "consistent with applicable policy statements." *United States v. Doe*, 564 F.3d 305, 308 (3d Cir. 2009) (quoting § 3582(c)(2)). The Sentencing Commission has stated that a sentence reduction is not authorized if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In *Mateo*, this court held that the crack cocaine amendment does not lower the applicable Guidelines sentencing range for career offenders. *Mateo*, 560 F.3d at 154-55. This is because "Amendment 706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1." *Id.* at 155. Because Berry was sentenced as a career offender, the crack cocaine offense levels did not affect his actual sentencing range. Thus, the District Court did not err in denying Berry's motion to reduce his sentence.

---

1 This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(3).

3

We also reject Berry's arguments that *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 552 U.S. 85 (2007), support a different result. These cases do not provide a basis for a sentence reduction not otherwise permitted under § 3582(c). *Mateo*, 560 F.3d at 155-56. Finally, any claims for relief based on ineffective assistance of counsel are not properly before this court. Berry had previously filed a § 2255 motion asserting ineffective assistance of counsel, which the District Court denied and this court declined to issue a certificate of appealability. Because we may only certify a second § 2255 motion based on newly discovered evidence or a new rule of constitutional law and subject to other limitations set forth in 28 U.S.C. § 2244, none of which pertains here, we cannot consider Berry's ineffective assistance of counsel claims. *See* 28 U.S.C. § 2255(h).

### III.

For the above-stated reasons, we will affirm the judgment of the District Court.