NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4380
_____

UNITED STATES OF AMERICA

v.

SHANNON LAMONT MATHIS
a/k/a Shan Money

Shannon Lamont Mathis,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal No. 06-cr-00059-001
(Honorable Sean J. McLaughlin)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2010
Before: SCIRICA, JORDAN and VANASKIE, Circuit Judges.

(Filed: June 14, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Shannon Mathis, a prisoner proceeding pro se, appeals the District Court order

denying his motion under 18 U.S.C. § 3582(c)(2) for a reduction in sentence. For the reasons

that follow, we will affirm the order of the District Court.

Following a jury trial in 2007, Mathis was convicted of possession with intent to distribute five grams or more of crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and possession with intent to distribute cocaine, in violation of §§ 841(a)(1) and 841(b)(1)(C). The District Court delayed Mathis' sentencing until after the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines. Amendment 706 provided a two-level base offense level reduction for certain crack-related offenses, including that for which Mathis was convicted.

At sentencing, the District Court calculated Mathis' base offense level at 26, and his criminal history category at IV, with a resulting guideline range of 92 to 115 months' imprisonment. Taking into account Amendment 706, the District Court calculated his guideline range at 77 to 96 months. However, the District Court was required to impose a minimum sentence of 120 months under § 841(b)(1)(B), and, after including enhancements for obstructing justice and witness intimidation, the District Court sentenced Mathis to 185 months' imprisonment. We affirmed Mathis' conviction and sentence in June 2009. See United States v. Mathis, C.A. No. 08-1688 (judgment entered June 22, 2009).

While his direct appeal was pending, Mathis filed in the District Court a motion under 18 U.S.C. § 3582(c)(2) for a retroactive modification of his sentence, based on the two-level reduction afforded by Amendment 706. The District Court denied the motion, and Mathis filed a timely notice of appeal. We have jurisdiction over the appeal pursuant to 28 U.S.C.

§ 1291. We review the decision to deny a sentence reduction under § 3582(c)(2) for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 & n.2 (3d Cir. 2009).

In denying relief, the District Court reasoned that, under the plain language of § 3582, Mathis was ineligible for a sentence reduction. Section 3582 allows a court to lower a sentence where the applicable sentencing range was *"subsequently . . . lowered by the Sentencing Commission."* § 3582(c)(2) (emphasis added). Amendment 706 was passed before Mathis received his sentence. Indeed, the District Court postponed sentencing at his request in anticipation of Amendment 706, and expressly considered the import of the amendment at sentencing. Because Amendment 706 preceded Mathis' sentence, the District Court concluded, he could not obtain relief under § 3582(c)(2). We agree.

Given that he was statutorily ineligible for a sentence reduction because he was sentenced under Amendment 706, there is no need to evaluate the District Court's other reasons for denying relief, or Mathis' additional arguments regarding the applicability of United States v. Booker, 543 U.S. 220 (2005), to his § 3582(c)(2) proceeding. Accordingly, and for the foregoing reasons, we will affirm the judgment of the District Court.