DLD-230                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1706
_____

UNITED STATES OF AMERICA

v.

JAIME SATIZABAL,
                                                                Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 06-cr-00007-05)
District Judge:  Honorable William H. Walls

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 24, 2010

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges

(filed: July 7, 2010 )
_____

OPINION
_____

PER CURIAM

    Jaime Satizabal pleaded guilty to conspiracy to launder narcotics proceeds in

violation of 18 U.S.C. § 1956(h).  In January 2009, the District Court sentenced him to a

term of imprisonment of 46 months.  In November 2009, Satizabal filed a "Motion for

Reduction of Sentence pursuant to 18 U.S.C. § 3585.2 and U.S.S.G. § 5K2.2." He argued that he was entitled to credit against his sentence and a downward departure under the Sentencing Guidelines for the time he served in harsh conditions in a Colombian prison pending his extradition to the United States. He requested a credit of 1.5 days for every day served between January 30, 2007, and January 22, 2008.

The Government responded to Satizabal's motion by letter. In the letter, an Assistant United States Attorney ("AUSA") stated that Satizabal's attorney asked the District Court at sentencing to reduce the sentence based on the harsh conditions in the Colombian jail. The AUSA also explained that the Government informed the District Court at that time that Satizabal would receive credit from the Bureau of Prisons ("BOP"). The AUSA stated that the BOP had given Satizabal credit for the time he served elsewhere from January 13, 2007, until January 11, 2009 (the day before Satizabal was taken into BOP custody). Citing and attaching the letter to its order, the District Court denied Satizabal's motion, noting that the time Satizabal had served in Colombia had already been credited toward his sentence.

Satizabal appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision to deny Satizabal's motion to reduce his sentence pursuant to § 3582 for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). Because we conclude that there is no substantial question presented on appeal, we will affirm the District Court's order. See L.A.R. 27.4; I.O.P. 10.6.

Generally, a court may not modify a term of imprisonment. <u>See</u> 18 U.S.C. § 3582. However, a modification is possible in some cases in which the BOP seeks a reduction of the term, in cases where the modification is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, and in some cases in which a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). <u>See</u> <u>id.</u> The BOP did not move for a reduction of Satizabal's sentence, and Satizabal's reason for the requested modification of his sentence is not among the reasons set forth in 18 U.S.C. § 3582.[1] Accordingly, the District Court did not abuse its discretion in denying Satizabal's motion.

---

[1] The District Court further explained to Satizabal, through its reliance on the AUSA's letter, that it had considered and rejected Satizabal's argument previously, and that the BOP had awarded credit for the time Satizabal spent in a Colombian prison.