NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-2068, 09-3187
_____

UNITED STATES OF AMERICA

v.

GLENN YOUNG,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 08-cr-00262)
District Judge:  Honorable Alan N. Bloch
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 18, 2010

Before: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

(Opinion Filed: July 23, 2010 )
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Glenn Young appeals his sentence following a bench trial after which he was

found guilty of conspiring to possess with the intent to distribute less than 100 grams of

-1-

heroin in violation of 18 U.S.C. § 846.  We have jurisdiction under 18 U.S.C. § 3742(a)

and 28 U.S.C. § 1291, and will affirm.[1]

## I.

Because we write primarily for the parties, we discuss the facts only to the extent

necessary for resolution of the issue on appeal.  The charge against Young stemmed from

a year-long investigation by the DEA into drug trafficking in the Pittsburgh area

involving heroin packaged in stamp bags labeled "Big Daddy."  On March 13, 2008,

responding to a tip that an individual was selling drugs from his car in the parking lot of a

McDonalds, Hanover Township Police Officer Mark Stefanowicz stopped the car after

observing several traffic violations.  Young, the driver of the vehicle, admitted to selling

crack in the past and consented to a search of his apartment.  Young's apartment was

subsequently  searched, and heroin weighing 11.2 grams and other narcotics trafficking

paraphernalia, including at least one stamp bag labeled "Big Daddy," was recovered.

Young was charged in a one-count indictment with conspiring to possess with the intent

to distribute less than 100 grams of heroin in violation of 18 U.S.C. § 846.

---

[1]While we review a district court's interpretation of the Sentencing Guidelines de novo, we review the court's ultimate sentencing determination for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (2009).  "[W]e will affirm [a district court's sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009).

After a bench trial, Young was found guilty. At sentencing the District Court combined the weight of the drugs recovered from Young's home with the heroin seized from a co-conspirator, resulting in a base offense level of 16. Because Probation concluded that Young was a career offender his base offense level increased to 34, resulting in a Guideline range of 262 to 327 months imprisonment. The Court sentenced Young to a 180-month term of incarceration. He appeals this sentence.

## II.

### A.

Young's primary contention on appeal is that his 180 months prison sentence is unreasonable "after the trial court concluded that appellant's career offender status over-represented his criminal history." Appellant's Brief at 13. Specifically, he seeks a downward departure or variance pursuant to U.S.S.G. § 5H1.6, based on familial circumstances. Young argued that his sentence should be lower because his daughter would be placed in foster care for the duration of his and his wife's prison sentences. Next, he argues that his offense level and criminal history score worked to substantially over-represent the seriousness of his criminal history. While the District Court granted a variance based largely on this argument during sentencing, Young contends that a lower sentence would better reflect the seriousness and remoteness of his previous convictions. Finally, Young contests the weight of the drugs to be considered for sentencing purposes because a substantial quantity was discovered after the indictment expired. Given the "de

minimis" amount of heroin discovered in his apartment but not charged in the indictment, he argues that a 180 month prison sentence is unreasonable.

**B.**

Young contends the District Court erred when it denied his motion for a downward departure or variance pursuant to U.S.S.G. § 5H1.6. To avoid unfair outcomes, we have held that departures based on familial circumstances should only be granted in extraordinary cases. See United States v. Sweeting, 213 F.3d 95, 100-01 (3d Cir. 2000). The placement of a child in foster care for the poor decisions of the parents, though tragic, is not extraordinary. See id. at 100-02. The District Court properly noted that "this situation is no different than that of any criminal defendant facing incarceration and does not call for a lower sentence." (App. 41b) We have held that a district court's purported failure to give adequate weight to particular mitigating factors does not render a sentence unreasonable. United States v. Lessner, 498 F.3d 185, 204 (3d Cir. 2007). Regardless, because the District Court understood its legal authority to depart, but chose not to, we lack jurisdiction to review its decision. See United States v. Watson, 482 F.3d 269, 272 n.2 (3d Cir. 2007).

While the Court refused to grant a formal departure based on the over-representation of Young's prior criminal record, the Court largely accepted Young's

arguments concerning the less serious nature and remoteness of his prior convictions.[2] The Court properly exercised its discretion by determining that the Guidelines over-represented the seriousness of Young's prior convictions. This determination formed the foundation of the Court's decision to vary the sentence from the Guideline range. While Young wished for an even greater variance based on these considerations, we cannot say that "no reasonable sentencing court would have imposed the same sentence . . . for the reasons the district court provided." Tomko, 562 F.3d at 567.

Finally, the Court properly concluded that the heroin found in Young's apartment, though not charged in the indictment, is admissible to prove the conspiracy. See United

---

[2] We pause to reaffirm that district courts are obligated to expressly rule on a departure motion. *See e.g., United States v. Lofink*, 564 F.3d 222, 237-38 (3d Cir. 2009) (noting that a district court "must formally rule on the motions of both parties and state on the record whether they are granting a departure"). While the District Court referred to its modification of the sentence as a both a variance and a downward departure, we are concerned that it did not formally state on the record that it had denied Young's departure motion. Although context confirms that the Court denied Young's motion for a departure and instead granted a variance, (App. 39b), and while we are confident that the District Court understood its legal authority to grant a departure, but instead chose to grant a variance based on the § 3553(a) factors, failure to rule on the departure motion was in error. It is unnecessary to remand this case to the District Court, however, because this non-constitutional error was harmless since it did not "affect the district court's selection of the sentence imposed." *United States v. Brown*, 578 F.3d 221, 226-27 (3d Cir. 2009). Had the District Court granted Young's motion for a downward departure based on an overstated criminal history, Young's criminal history category would have been reduced by only one level, resulting in a Guideline range of 235-293 months imprisonment. *See United States v. Grier*, 585 F.3d 138, 144-45 (3d Cir. 2009). Because the District Court sentenced Young to 180 months imprisonment, well below that range, its failure to rule on Young's departure motion undoubtedly did not effect the sentence imposed.

States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999) (concluding that "Rule 404(b), which proscribes the admission of evidence of other crimes when offered to prove bad character, does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense."). In addition to the 11.2 grams of heroin found at Young's apartment, law enforcement also found at least one bag labeled "Big Daddy." The drugs and paraphernalia discovered in the search represented key evidence confirming the existence of a conspiracy, and the District Court properly considered this during sentencing. In turn, the District Court properly imposed a 180 month sentence not based on 1.43 grams of heroin, but on the far more substantial amount of 12.63 grams.[3]

## III.

For the foregoing reasons, we affirm the District Court's judgment.

---

[3] Young also filed a pro se brief challenging the District Court's April 9, 2009 Order denying his pre-trial motions to suppress. Since the District Court's judgment was not final, we were without jurisdiction to review that appeal. After the criminal judgment against Young became final, however, we combined Young's pro se appeal with his counseled challenge to the reasonableness of his sentence, and pursuant to Third Cir. L.A.R. 27.8, referred the pro se motion to his attorney. Young, however, did not address the April 9th Order in his brief, and we will therefore dismiss appeal 09-2068.