NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4431
_____

UNITED STATES OF AMERICA

v.

KHASAN DANCY, a/k/a Cash


KHASAN DANCY,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-03-cr-00340-001)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2011

Before:  FUENTES, FISHER and NYGAARD, *Circuit Judges*.

(Filed: June 15, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

        Khasan Dancy appeals the order of the District Court denying his motion to reduce

his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Dancy sought a reduction in his

sentence based on the U.S. Sentencing Commission's amendments to the Sentencing Guidelines that retroactively lowered the base offense levels for crack cocaine offenses. Because the crack cocaine amendments do not lower Dancy's applicable sentencing range, the District Court did not err in refusing to modify his sentence. We will, therefore, affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of the case. Therefore, we will set forth only those facts necessary to our analysis.

In 2004, Dancy pled guilty to charges of conspiracy to make false statements to a federal firearms dealer and conspiracy to distribute and possess with intent to distribute cocaine base. The United States District Court for the Middle District of Pennsylvania adopted the Guidelines' calculation recommended by the Probation Office in its Presentence Investigation Report ("PSR"). Based on a drug quantity of at least twenty but less than thirty-five grams of crack cocaine, the PSR calculated a base offense level of 28 pursuant to U.S.S.G. § 2D1.1(c). Dancy's offense level was increased by two for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b), and by an additional two levels for a supervisor of criminal activity pursuant to U.S.S.G. § 3D1.1(c). Dancy ordinarily would have faced a total offense level of 32 and a criminal history category of IV, and, with a three-level reduction in his offense level for acceptance of responsibility, his Guidelines' range would have been 121 to 151 months.

However, Dancy had at least two prior felony convictions for controlled substance offenses and crimes of violence, thus making him a career offender for purposes of U.S.S.G. § 4B1.1. Accordingly, the PSR set his base offense level at 32, and his criminal history category at level VI. Following a three-level reduction for acceptance of responsibility, his Guidelines' range was 151 to 188 months.

On October 27, 2004, the District Court sentenced Dancy to 108 months' imprisonment pursuant to a plea agreement.

On November 1, 2007, the Sentencing Commission amended the Guidelines pertaining to crack cocaine offenses, reducing the sentencing ranges for crack cocaine by two offense levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). The amendments were made retroactive. U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).

On March 10, 2008, Dancy moved for a reduction of his sentence under 18 U.S.C. § 3582(c), asserting that he was eligible for a sentence reduction as a consequence of the amendments to the Sentencing Guidelines pertaining to crack cocaine offenses.[1] The District Court denied Dancy's motion, finding that Dancy was not eligible for a sentence reduction because he had not been sentenced pursuant to § 2D1.1, the amended provision. Rather, the District Court reviewed the record and determined that Dancy had been sentenced as a career offender, and that the crack cocaine amendments did not affect his sentence. Dancy timely appealed.

---

[1] 18 U.S.C. § 3582(c)(2) permits a district court to modify sentences when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a district court's interpretation of the Guidelines. *See United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). "We review a court's ultimate decision whether to grant or deny a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion." *Id.*

III.

Dancy argues that his sentence should be reduced because it was based on an offense level in § 2D1.1(c) that was lowered by the Sentencing Commission. Dancy's argument lacks merit. When Dancy was originally sentenced, the District Court classified him as a career offender pursuant to § 4B1.1. Amendment 706 does not affect the sentencing range of an individual classified as a career offender under § 4B1.1. "Amendment 706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1." *Id.* at 155. Because Dancy was a career offender, his base offense level was 32, and his criminal history category was VI, as dictated by § 4B1.1. The amendment to § 2D1.1 plays no role in determining the recommended Guidelines' range for his sentence. Accordingly, under our binding authority, the District Court did not have authority to reconsider its prior decision. *See id.* Similarly, *Kimbrough v. United States*, 552 U.S. 85, 110 (2007), does not aid Dancy because it too

4

left unchanged the requirements for reduction of sentence under § 3582(c).[2] We hold that the crack cocaine amendments do not lower Dancy's sentencing range, and the District Court therefore did not err in denying Dancy's motion to reduce sentence.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2] We need not determine whether a Rule 11(c)(1)(C) plea agreement precludes a remand for reduction because we find that Dancy is not eligible for a reduction in his sentence.