NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4363
_____

UNITED STATES OF AMERICA

v.

LAMONT WRIGHT,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-04-cr-00100-01)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2011

Before:  FUENTES, FISHER and NYGAARD, *Circuit Judges*.

(Filed: July 28, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Lamont Wright appeals an order of the United States District Court for the Middle

District of Pennsylvania denying his motion to reduce his sentence under 18 U.S.C.

§ 3582(c).  For the reasons stated below, we will affirm.

I.

In March 2004, a federal grand jury indicted Wright on two counts for distribution and possession of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement, Wright pled guilty to the distribution and possession of 25 grams of crack cocaine and 286 grams of cocaine. As a career offender, Wright's sentencing range was determined based on the table in U.S.S.G. § 4B1.1.[1] Accordingly, Wright's offense called for a twenty-year maximum sentence and an offense level of 32 with a criminal history of category VI. After a three-level reduction for cooperation, Wright faced an offense level of 29 and an imprisonment range of 151 to 188 months. The District Court granted the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 for substantial assistance and granted an additional one-level departure for substantial assistance, yielding an advisory imprisonment range of 100 to 150 months. The District Court also made a one-level reduction in consideration of the "significant mitigating circumstances," 18 U.S.C. § 3553(a)(2), stemming from Wright's childhood difficulties. This resulted in an advisory guidelines range of 110 to 137 months' imprisonment, and the District Court imposed a term of 110 months' imprisonment.

In November 2007, the Sentencing Commission amended the crack cocaine guidelines, Amendment 706, by lowering the base offense levels for crack cocaine offenses under U.S.S.G. § 2D1.1(c) by two levels. U.S.S.G. app. C, amend. 706 (Nov. 1,

---

[1] Wright was classified as a career offender because he had committed the offense while having at least two adult felony convictions for controlled substances offenses.

2007).  The amendments were applied retroactively, effective as of March 3, 2008.

U.S.S.G. app. C, amend. 713 (Supp. May 1, 2008).  In July 2008, Wright moved for a

reduction of his sentence under 18 U.S.C. § 3582(c)(2).  The District Court denied the

motion, and Wright timely appealed.

## II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231,

and we have jurisdiction pursuant to 28 U.S.C. § 1291.  "We review *de novo* a district

court's interpretation of the Guidelines.  We review a court's ultimate decision whether to

grant or deny a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of

discretion."  *United States v. Mateo*, 560 F.3d 154 n.2 (3d Cir. 2009) (citations omitted).

## III.

18 U.S.C. § 3582(c) authorizes a district court to reduce a term of imprisonment in

the case of a defendant who has been sentenced "based on a sentencing range that has

subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  A

sentence may be reduced under § 3582(c) only when "such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission."  *Id*.  The applicable

policy statement instructs that if an amendment "does not have the effect of lowering the

defendant's applicable guideline range," it is not authorized under Section 3582(c).

U.S.S.G. § 1B1.10(a)(2)(B).

3

Wright argues that the District Court erred in declining to reduce his sentence based upon the recent amendments to the Sentencing Guidelines for crack cocaine offenses. He contends that § 3582(c)(2)'s language merely requires that the defendant's sentence have been "based on" a sentencing range that has subsequently been lowered. According to Wright, his sentence was "based on" a sentencing range that was subsequently lowered because the crack cocaine guideline was the starting point of the Guidelines analysis, even though he was ultimately sentenced under the career offender section of U.S.S.G. § 4B1.1. Wright also maintains that the District Court's decision to depart from the guidelines included an assessment of the nature of the offense and, thus, was based on the amended crack cocaine guidelines.

Wright's arguments are unpersuasive. We have already determined that the language of § 3582(c)(2) "clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of the calculus." *Mateo*, 560 F.3d at 155 (quoting *United States v. Caraballo*, 552, F.3d 6, 10 (1st Cir. 2008). Thus, "if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of the statute." *Id*. (quoting *Caraballo*, 552 F.3d at 10). Here, the District Court used the career offender guidelines range, § 4B1.1, as the starting point for its determination of Wright's sentence. In fact, because Wright's base offense level of 32 as a career offender was higher than the

4

offense level of 28 calculated under U.S.S.G. § 2D1.1, the District Court was required to apply the career offender guidelines. *See Mateo*, 560 F.3d at 153 (noting that "for career offenders, if the relevant alternative offense level listed in the table at U.S.S.G. § 4B1.1(b) is higher than the calculated offense level, § 4B1.1(b) requires that the higher offense level shall apply"). The amendments to the Sentencing Guidelines had no effect on Wright's sentence. Before and after the Sentencing Guidelines amendments, Wright's offense level under § 4B1.1 was 32, and a three level reduction for cooperation produced a net offense level of 29. Hence, Amendment 706 did not affect Wright's sentencing range, and § 3582(c)(2) does not authorize a sentence reduction. *See Mateo*, 560 F.3d at 155 (holding that "[b]ecause Amendment 706 does not lower [the defendant's] sentencing range due to his status as a career offender, he may not seek reduction in sentence under § 3582(c)").

Moreover, the fact that the District Court's sentence was reached following a departure from the Guidelines does not trigger Wright's eligibility for consideration under § 3582(c)(2). The District Court determined Wright's sentence reduction based on Wright's cooperation and his childhood difficulties. Indeed, the District Court unequivocally stated that the crack cocaine amendments had no effect on its determination of Wright's 110 months sentence. (*See* app. at 11.) Accordingly, the District Court did not err in denying Wright's motion to reduce his sentence.

5

IV.

For the foregoing reasons, we affirm the sentence of the District Court.