**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2751

_____

UNITED STATES OF AMERICA

v.

GARY MOOREFIELD,
a/k/a G, a/k/a Maurice Gordon
a/k/a Mike Jones

Gary Moorefield,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-10-cr-00187-001)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 4, 2016

Before: CHAGARES, HARDIMAN, and SCIRICA, *Circuit Judges*.

(Opinion Filed:  November 4, 2016)

_____

OPINION*

_____

HARDIMAN, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gary Moorefield appeals an order of the District Court denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We will affirm.

I

On September 16, 2010, a federal grand jury charged Moorefield and nine others with various drug-trafficking crimes in a fifteen-count superseding indictment. Moorefield pleaded not guilty to all twelve of the counts with which he was charged. After three days of trial, Moorefield decided to plead guilty to two counts: conspiracy to distribute one kilogram or more of heroin and possession of a firearm in furtherance of a drug trafficking crime. In return, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government agreed to a  sentence of 300 months' imprisonment and dismissed the other charges. Moorefield also stipulated that he was responsible for more than three but less than ten kilograms of heroin for purposes of United States Sentencing Guidelines (USSG) § 2D1.1.

Prior to sentencing, the Probation Office determined that Moorefield's total offense level on the conspiracy charge was 37 and his criminal history category was II, resulting in an advisory Guidelines range of 235 to 293 months' imprisonment. This calculation included enhancements for a leadership role, USSG § 3B1.1(a), and for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, USSG § 2D1.1(b)(12), as well as a reduction for acceptance of responsibility, USSG § 3E1.1(a). The Presentence Report also noted that Moorefield was subject to a 60-month mandatory minimum consecutive sentence for possession of a firearm in

2

furtherance of a drug trafficking crime. After hearing no objection to the Presentence Report, the District Court accepted the plea agreement and sentenced Moorefield to 300 months' imprisonment (240 months for conspiracy to distribute heroin plus 60 months for possession of a firearm in furtherance of a drug trafficking crime).

On June 18, 2015, Moorefield filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Guidelines, which decreased the base offense levels in certain drug cases by two levels. Reducing Moorefield's base offense level from 37 to 35 yielded an advisory Guidelines range of 188 to 235 months. Moorefield argued that a proportional reduction in his sentence would lower his term of imprisonment for the conspiracy charge to 193 months, which would have resulted in a total of 253 months' imprisonment. The Government conceded that Moorefield was eligible to seek this reduction, but opposed it in light of the plea agreement and the sentencing factors set forth in 18 U.S.C. § 3553(a).

On July 7, 2016, the District Court denied Moorefield's motion. After considering the favorable plea deal negotiated by Moorefield, his leadership role in the heroin conspiracy, his possession of multiple firearms in furtherance of drug trafficking activities, his criminal history, and the danger he posed to the community, the Court determined that "the negotiated sentence of 300 months is the appropriate sentence in this case." Sentence Reduction Order at 2. Moorefield filed this timely appeal.[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a motion for reduction of

II

Consistent with the Government's concession, the District Court found that Moorefield was eligible for a sentence reduction under Amendment 782. Accordingly, the District Court proceeded to consider whether any of the relevant § 3553(a) factors warranted such a reduction.

Moorefield argues that the District Court abused its discretion by not considering the reduced Guidelines range before applying the § 3553(a) factors. His argument is misplaced. Although the District Court did not explicitly address the reduced Guidelines range in ruling on Moorefield's motion, Moorefield cites no authority requiring it to do so. Moreover, both parties agreed that Moorefield was eligible for a sentence reduction and agreed upon his amended Guidelines range. The District Court clearly recognized Moorefield's eligibility for a reduced sentence under § 3582(c), but after evaluating the § 3553(a) sentencing factors, concluded that a reduction was not appropriate. As Judge Ambrose explained:

> The denial of Defendant's request for sentence reduction is based on consideration of the applicable factors set forth in 18 U.S.C. § 3553(a). Defendant's sentence (300 months) was reached after a negotiated resolution whereby Defendant, although charged with three separate 924(c) charges was sentenced without the mandatory 25 year consecutive sentence. Under the Superseding Indictment, Defendant's advisory guideline range would have been at least 50 years more than the negotiated resolution.
>
> Considering the seriousness of the offenses, a reduction is not appropriate. Defendant admitted to leading a heroin conspiracy and to being responsible for

sentence under § 3582(c)(2) for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

4

3–10 kilograms of heroin. Defendant also admitted to possessing multiple firearms in furtherance of drug trafficking activities.

Furthermore, Defendant's history and characteristics do not warrant the requested reduction. Defendant has been convicted previously of robbery and a federal firearms offense. Defendant also violated supervised release.

Defendant has demonstrated that he is a danger to the community and cannot be effectively treated by a sentence other than incarceration.

After considering these factors, I conclude that the negotiated sentence of 300 months is the appropriate sentence in this case.

Sentence Reduction Order at 2.

Although Moorefield was eligible for a sentence reduction, the decision to grant one remains within the discretion of the District Court. *See Mateo*, 560 F.3d at 154. In this case, the Court considered the factors set forth in §3553(a) and determined that the seriousness of Moorefield's offense, his criminal history, and the danger he posed to the community required that his original sentence should remain intact. Giving due deference to the District Court in these matters, we find no abuse of discretion and will affirm the District Court's order.