PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 20-2033

UNITED STATES OF AMERICA

v.

EDWIN PAWLOWSKI,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5-17-cr-00390-001)
District Judge: Honorable Juan R. Sanchez

Submitted Under Third Circuit L.A.R. 34.1(a)
June 19, 2020

Before: AMBRO, KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: June 26, 2020)

Jack J. McMahon, Jr.
139 North Croskey Street
Philadelphia, PA 19103

      Counsel for Appellant

William M. McSwain
  United States Attorney
Robert A. Zauzmer
Anthony J. Wzorek
Michelle L. Morgan
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

      Counsel for Appellee

---

## OPINION OF THE COURT

---

AMBRO, <u>Circuit Judge</u>

Appellant Edwin Pawlowski, a federal inmate who has served less than two years of his 15-year sentence but whose medical conditions place him at increased risk should he contract COVID-19, appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1). We affirm.

### I.

A jury convicted Pawlowski of federal program bribery, Travel Act bribery, attempted Hobbs Act extortion, wire and

mail fraud, honest services fraud, making false statements to the FBI, and conspiracy. The charges stemmed from a scheme in which he—then the mayor of Allentown, Pennsylvania—steered city contracts and provided other favors in exchange for campaign contributions. The District Court imposed a 180-month sentence, which was within the applicable Sentencing Guidelines range of 151 to 188 months.

Pawlowski appealed his conviction and sentence (the "merits appeal"), arguing, among other things, that the District Court's sentence was procedurally and substantively unreasonable. The merits appeal remains before us, as we stayed it pending briefing by Pawlowski's co-defendant.

Meanwhile, on May 4, 2020, Pawlowski asked the District Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1).[1] He noted that he suffers from several health conditions, including hypertensive heart disease, chronic obstructive pulmonary disease (COPD), dyspnea (shortness of breath), sleep apnea, and has only one lung as a result of a pulmonectomy. He argued that these conditions place him at a higher risk of serious illness and death from COVID-19 should he contract that disease. He further explained that the facility at which he is currently incarcerated, the Federal Correctional Institution at Danbury, Connecticut ("FCI Danbury"), has been particularly affected by COVID-19. Indeed, as of June 19, 2020, 98 inmates had tested positive for the virus, one of whom had died and 91 of whom had recovered. *See* COVID-19 Cases, Federal Bureau of Prisons

---

[1] Before seeking compassionate release, Pawlowski asked us to release him, pending his merits appeal, under a provision of the Bail Reform Act, 18 U.S.C. § 3143(b). We denied release under this provision, as he had not shown that his merits appeal raised a substantial question of law or fact.

3

(last accessed June 19, 2020), https://www.bop.gov/coronavirus/. Additionally, 61 staff members at FCI Danbury had tested positive, of whom none had died and 60 had recovered. *See id.*[2]

The District Court denied the motion. It explained that while Pawlowski's conditions placed him at increased risk should he contract COVID-19, the sentencing factors set out at 18 U.S.C. § 3553(a)—particularly, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence[3]—did not weigh in favor of release, as he had served just 19 months of a 180-month sentence. *United States v. Pawlowski*, No. 17-cr-390, 2020 WL 2526523, at *7–8 (E.D. Pa. May 18, 2020). Pawlowski appeals.[4]

---

[2] Presumably, the remaining six inmates and one staff member were suffering from the virus.

[3] Although the District Court referenced the need to avoid unwarranted sentence disparities, it considered only one of Pawlowski's co-conspirators, *see Pawlowski*, 2020 WL 2526523, at *7, as the issue of disparities between Pawlowski and other similarly situated inmates was not briefed.

[4] The District Court had jurisdiction over this criminal case under 18 U.S.C. § 3231. Because Pawlowski's merits appeal was (and remains) pending before us, the District Court's jurisdiction to decide the compassionate release motion was confined to denying it, indicating that it presents a substantial issue, or indicating that it would be granted if we were to remand the case to the District Court for that purpose. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58

4

II.

The compassionate-release provision states that a district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[5] But before granting compassionate release, a district court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."

(1982) (explaining that "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); Fed. R. Crim. P. 37(a) (providing that, where a district court lacks authority to grant a motion because an appeal is pending, the court may "defer considering the motion," "deny the motion," or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue").

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's denial of the motion.

[5] Before the District Court, Pawlowski argued that this provision permits a court to release an inmate temporarily. The District Court rejected that argument, explaining that the provision permits a court to reduce a sentence, not to grant a temporary release. Pawlowski does not challenge this conclusion on appeal, thus arguing only that the District Court erred in declining to reduce his sentence.

*Id.* § 3582(c)(1)(A).[6]  Those factors include, among other things, "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(A)–(B).

The Government does not dispute for purposes of this appeal that Pawlowski's health conditions, and the risks they present in light of the COVID-19 outbreak, constitute "extraordinary and compelling reasons" that may allow a court to grant compassionate release.  But it maintains that the District Court acted within its discretion in denying Pawlowski compassionate release based on its weighing of the applicable § 3553(a) factors.  For the reasons set out below, we cannot disagree.

### III.

We start with the standard of review.  We have not before squarely considered what standard of review applies to a district court's determination that the § 3553(a) factors do not weigh in favor of granting compassionate release.  But at least one of our sister circuits has reviewed such a determination under the deferential abuse-of-discretion standard.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  And we have held that this standard applies in the analogous case of an inmate seeking a sentencing reduction under 18 U.S.C. § 3582(c)(2), an adjacent provision that permits a district court to reduce a sentence based on a change to the Sentencing Guidelines.  *See United States v. Mateo*, 560 F.3d 152, 154 (3d

---

[6] The sentencing reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Cir. 2009).  As we explained in *Mateo*, the abuse-of-discretion standard "comports with the language of the statute," which, like the compassionate-release provision at issue here, states that, "under appropriate circumstances, 'the court *may* [not shall] reduce the term of imprisonment.'"  *Id.* at 154 n.2 (emphasis in original).  Accordingly, we hold that the abuse-of-discretion standard applies, and thus we will not disturb the District Court's decision "unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors," *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000) (citation and quotation marks omitted).

We discern no clear error of judgment here.  Rather, the District Court reasonably concluded that several of the § 3553(a) factors—including, as noted above, the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release, as that relief would effectively reduce Pawlowski's sentence from 15 years to less than two years' imprisonment.  We have not previously considered whether a district court abuses its discretion by denying a motion for compassionate release based on the amount of time remaining to be served in the inmate's sentence.  But numerous district courts have taken this into account in considering whether to grant compassionate release.  *See, e.g.*, *United States v. Bogdanoff*, No. 12-cr-190-1, — F. Supp. 3d —, 2020 WL 2307315, at *6 (E.D. Pa. May 8, 2020) (denying compassionate release where the inmate had served only seven years of an 18-year sentence, and noting that the case was "much different than others where defendants [sought compassionate release] at the end of their sentence"); *United States v. Moskop*, No. 11-cr-30077, 2020 WL 1862636, at *1–2 (S.D. Ill. Apr. 14, 2020) (denying compassionate release where the inmate had served less than 10 years of a 20-year sentence and explaining that the "sentencing objectives of

7

specific deterrence and protecting the public [would] not [be] fully served by less than 10 years of incarceration").[7] And at least one of our sister circuits has approved that consideration. *See Chambliss*, 948 F.3d at 694 (holding that a district court did not abuse its discretion in denying compassionate release based, in part, on the defendant's having served only 14 years of a 30-year sentence). We agree, as this consideration is consistent with the text of 18 U.S.C. § 3582(c)(1)(A), which, again, requires a court reviewing a motion for compassionate release to "consider[] the factors set forth in [§] 3553(a) to the extent that they are applicable." Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may—along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates—inform whether immediate release would be consistent with those factors. Hence we cannot conclude that the District Court acted unreasonably in determining that the substantial sentencing reduction required for granting compassionate release here—a reduction from 15 years to less than two years—would be inconsistent with the § 3553(a) factors.

Pawlowski argues that his lengthy sentence "was completely out of the heartland . . . and inconsistent with a true analysis of the § 3553(a) factors" in the first place, and thus the denial of compassionate release based on the length of his

_____

[7] Pawlowski cites cases in which courts have granted compassionate release even where the inmate had only served a small portion of his sentence. But the sentences in these cases were much shorter. *See, e.g.*, *United States v. Foreman*, No. 19-cr-362, 2020 WL 2315908, at *1 (D. Conn. May 11, 2020) (granting compassionate release where the defendant was sentenced to only a year of imprisonment).

8

unserved sentence is "doubly cruel." Pawlowski Br. 11. But his sentence was within the applicable Sentencing Guidelines range and thus is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 350–51 (2007).

Pawlowski also argues that his medical condition is more serious, and his offense less serious, than those for whom other courts have rejected compassionate release. The District Court acknowledged that his health conditions, and the risks they present should he contract COVID-19, are very serious. As it noted, "several of [Pawlowski's] conditions are among [those] the Centers for Disease Control and Prevention (CDC) has identified as risk factors for severe illness from COVID-19." *Pawlowski*, 2020 WL 2526523, at *2. But it also reasonably concluded that "Pawlowski's crimes were extraordinarily serious, involving abuse of a position of public trust," and that these crimes required "a significant period of incarceration." *Id.* at *7. And, as the District Court further explained, "reducing Pawlowski's sentence to time served would result in his serving less time than . . . his former campaign manager and coconspirator, who pleaded guilty and was sentenced to 60 months." *Id.*

\*    \*    \*    \*    \*

In sum, we cannot conclude that the District Court abused its discretion by holding that the § 3553(a) factors weigh against granting Pawlowski compassionate release. Hence we affirm.[8]

---

[8] We do not decide here whether Pawlowski may be eligible for any other form of relief, such as habeas relief, based on his medical conditions and the risks they present should he contract COVID-19, or based on the situation at FCI Danbury. As the District Court noted, a class action seeking habeas relief

9

for inmates at FCI Danbury, and challenging the prison's response to the COVID-19 outbreak on various grounds, is ongoing in the District of Connecticut. *See Martinez-Brooks v. Easter*, No. 20-cv-569, — F. Supp. 3d —, 2020 WL 2405350, at *32 (D. Conn. May 12, 2020) (granting in part the inmates' motion for a temporary restraining order).