**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2906

_____

UNITED STATES OF AMERICA

v.

TYRONE BENTLEY,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:10-cr-00525-001)
District Judge: Hon. Paul S. Diamond

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 15, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Filed: September 22, 2025)

_____

OPINION*

_____

**BIBAS**, *Circuit Judge*.

Even though we give pro se litigants lots of leeway, we may not decide issues that are

not before us. Fifteen years ago, Tyrone Bentley and another man put on masks and gloves

---

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

and robbed a bank of about $38,000. Bentley was armed with a Taser; his accomplice had a gun. At trial, he was convicted of armed bank robbery, conspiracy to commit the same, and using a firearm during a crime of violence under 18 U.S.C. §§ 2113(d), 371, and 924(c). He was sentenced to 34 years' imprisonment because he had a prior § 924(c) conviction, triggering a mandatory consecutive 25-year term. § 924(c)(1)(C)(i). In the past decade and a half, Bentley has filed a slew of motions and appeals. This case comes to us from the resulting tangle of crossed wires.

Before us today is his appeal from the District Court's order granting him an eleven-month sentence reduction but denying him compassionate release. But Bentley was not done. While this appeal was pending, he filed three more motions. First, he asked the District Court to reconsider its denial of his third § 2255 motion, arguing that armed bank robbery is not a crime of violence. A few days later, he filed a fourth § 2255 motion rehashing the same argument. And then he filed another motion for compassionate release. The District Court denied them all. The motion to reconsider was not based on a change in controlling law. Bentley had not gotten approval from the Third Circuit to file a fourth § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255(h). And the motion for compassionate release was a photocopy of the one that the District Court had just denied—the one before us.

That brings us back to this appeal. Though Bentley appeals the order denying compassionate release and granting only a partial sentence reduction, his opening brief does not challenge that order. Instead, it copies his fourth § 2255 motion and so addresses only whether his armed-bank-robbery conviction was for a crime of violence. But that issue is not before us.

2

So what *is* before us? The government would have us say nothing at all, claiming that Bentley's notice of appeal was ten days late. Fed. R. App. P. 4(b)(1)(A). But Bentley submits a receipt suggesting that he did not get a copy of the District Court's order until September 25, nine days before his October 4 notice of appeal. Construed liberally, Bentley is arguing that the time to appeal should not start until a pro se prisoner accesses an order, even if he learned earlier that the order exists. We need not address that unsettled question, because Rule 4(b)'s time limit is not jurisdictional. *See Virgin Islands v. Martinez*, 620 F.3d 321, 327 (3d Cir. 2010).

Even if this appeal is timely, and we construe Bentley's briefs liberally to contest both issues, his arguments fail on the merits.

*First*, the District Court properly found that no "extraordinary and compelling reasons" called for compassionate release. 18 U.S.C. §3582(c)(1)(A). We review for abuse of discretion and see none here. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). Bentley claims that his lengthy sentence is a compelling reason. That may be so when a nonretroactive change in law makes a prisoner's current sentence grossly disproportionate to the one that would be imposed today. U.S.S.G. §1B1.13(b)(6) (policy statement). But we have held that the nonretroactive changes in §924(c) did not make a defendant eligible for compassionate release. *See United States v. Rutherford*, 120 F.4th 360, 363 (3d Cir. 2024) (holding that policy statement was invalid as applied to § 924(c)), *cert. granted* No. 24-820 (U.S. June 6, 2025). And here, there was no change in the underlying law. Armed bank robbery is still a crime of violence and still carries the same mandatory consecutive

sentence under 18 U.S.C. §924(c). *United States v. Jordan*, 96 F.4th 584, 593 (3d Cir. 2024).

Bentley also claims extraordinary family circumstances and rehabilitation efforts. Those claims fail too. Though his mother needs a caretaker, his brother provides that care. And though his rehabilitation is commendable, the District Court did not abuse its discretion in finding it ordinary and not compelling.

*Second*, the District Court properly limited Bentley's sentence reduction to eleven months. 18 U.S.C. §3582(c)(2). Again, we review the ultimate reduction for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). The amended Guidelines made Bentley eligible for a reduction. And the court gave him one. Although the reduction was modest, the court explained that his serious criminal history warranted a sentence at the high end of the Guidelines range. That is well within the court's discretion.

Because Bentley's §2255 motion is not properly before us, we do not reach his challenge to his armed-bank-robbery conviction. We will thus affirm.

4